CHASEZ, Judge.
On September 4, 1969 plaintiff-appellant, Riverland Hardwood Company, Inc. (Riv-erland) filed suit against defendant-appel-lee, Craftsman Hardwood Lumber Company (Craftsman) to- recover $7,960.92, representing the price of lumber furnished to Craftsman by Riverlands pursuant to Craftsman’s purchase order dated June 2, 1969.
Craftsman, an Illinois Corporation which had not qualified to do business in Louisiana, nor had appointed an agent for service of process filed exceptions to the jurisdiction of the Courts of Louisiana.
Following a hearing of the exceptions, the trial court maintained Craftsman’s exception to personal jurisdiction and dismissed plaintiff’s suit, from which plaintiff, Riverlands, has appealed.
Plaintiff contends that the law applicable to this situation is the “long arm” statute, LSA-R.S. 13-3201, which provides in pertinent part:
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
“(a) transacting any business in this state; * * *”
The comments of the Louisiana Law Institute which appear beneath the cited statute explain the scope to be given to “transacting any business”. That phrase is defined as follows:
“(d) ‘Transacting business’, as used in Subdivision (a) is a term which is much broader than ‘doing business’ as defined by earlier Louisiana cases, * * * It is intended to mean a single transaction of either interstate or intrastate business, and to be as broad as the phrase ‘engaged in a business activity’ of R.S. 13:3471(1).”
The statute was enacted in order for the Courts of this state to take advan *467 tage of the broadened basis for asserting personal jurisdiction over a non-resident defendant as provided for in the cases of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).
The limitations placed by due process on the power of a state to enter judgments against non-resident defendants have evolved to the point that the United States Supreme Court was prompted to hold in the International Shoe case, supra, that:
“ ‘due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend “traditional notions of fair play and substantial justice.” ’ ”
Under the “long-arm” statute the test becomes whether the non-resident defendant has conducted “any business transaction” or has “engaged in a business activity” in Louisiana so as to satisfy the requisites of minimum contacts. Whether the defendant meets the necessary qualifications of minimum contacts is a matter of factual determination to be resolved, in light of particular circumstances in each individual case. Fidelity Credit Company v. Bradford, La.App., 177 So.2d 635 (3rd Cir.1965).
In this case an affidavit of Mr. Tracy J. Hunt, President pf Craftsman, was introduced which stated that Craftsman is an Illinois Corporation, not qualified to do business in Louisiana, and has not appointed an agent for service of process in Louisiana.
The affidavit acknowledged that Craftsman placed an order through the mail with Riverland for the purchase of certain lumber products which was the only contact with the State of Louisiana whatsoever.
The latter part of the above statement was rebutted by Riverland by two invoices introduced as part of an affidavit showing two purchases by Craftsman from two other lumber companies located in Louisiana. Also introduced were issues of lumber industry magazines which showed that Craftsman had advertised in publications which are distributed in Louisiana.
Plaintiff argues that the cumulation of the three purchases and the advertisements by Craftsman is enough to satisfy the due process requirements of minimum contacts.
In this case, the out-of-state defendant is a purchaser rather than a seller, a critical distinction.[1] A nonresident vender purposefully enters the state either physically or through advertisements and mail order catalogues. It contemplates delivery of its product within the state with the consequent invocation of Louisiana law to aid in the transaction. To the extent that a corporation exercises the privilege of conducting business activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations out of its activities within the state and if circumstances require the corporation to respond to a suit brought to enforce those obligations, then the suit is justified.
On the other hand, the buyer does not contemplate any use of the laws or judicial machinery of his nonresident seller’s domiciliary state. Within contemporary notions of fairness, litigation concerning such a transaction should not be excepted from the general rule of suit in a defendant’s domicile because there would be no purposeful invocation of the benefits and protection of the foreign law.
Additionally, the long-arm statute provides that anyone who contracts to supply services or things in Louisiana will be subject to jurisdiction in this state. There is no comparable provision to subject consumers who contract to buy things in the *468 state to the personal jurisdiction of our courts. A seller may be “doing business” when he sells in this state, but this is not necessarily true for a buyer. We therefore conclude that the purchase of lumber by a nonresident purchaser was not “doing business” within the meaning of the “long arm” statute and thus does not satisfy the “minimum contacts” requirement as set forth in International Shoe and McGee.
For the reasons stated, the judgment of the trial court sustaining the exception to the jurisdiction filed by Craftsman Hardwood Lumber Company and dismissing the suit of plaintiff, Riverland Hardwood Company, Inc. at its cost is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

. See Tate, Work of Appellate Courts-1967-1968, 29 La.L.Rev. 271, 273 (1969).