298 So.2d 447 (1974)
William FISHER, III, et al., Appellants,
v.
PREMIERE REALTY COMPANY, INC., a Corporation, Appellee.
No. T-349.
District Court of Appeal of Florida, First District.
July 16, 1974.
Rehearing Denied August 23, 1974.
Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, and William Fisher, Jr., of Fisher, Hertz & Bell, Pensacola, for appellants.
G. Robert Barron, of Smith, Grimsley, Barron & Remington, Fort Walton Beach, for appellee.
*448 McCORD, Judge.
This is an appeal from a final judgment of the Circuit Court giving full faith and credit to a judgment of the 19th Judicial District Court in and for the Parish of East Baton Rouge of the State of Louisiana, against the three appellants.
The sole question for determination here is whether or not the Louisiana court acquired jurisdiction over the appellants under the Louisiana long arm statute. That statute provides for service of process upon nonresidents by certified or registered mail and appellants were so served. The statute states that "a court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from a nonresident's (a) transacting any business in this state." Other circumstances not pertinent here are also listed in the statute.
Appellant, Fisher, was the president of Thunder Corporation, a Florida corporation authorized to do business in Louisiana and he and appellants, Constantine and Pennewill, were the only stockholders. Fisher went to Louisiana and negotiated for Thunder Corporation a lease of real property from appellee, a Louisiana Corporation. Appellee corporation, as a condition of leasing to Thunder Corporation, required that each of the three appellants personally guarantee the payment of any and all indebtedness that Thunder Corporation might incur under the lease. The guaranty was executed by appellants in Florida and delivered to appellee in Louisiana as an inducement to appellee to enter into the lease. In addition, as a further inducement, each of the appellants furnished appellee with financial statements reflecting their net worth. Upon execution of the lease, Thunder Corporation opened a pizza restaurant on the leased premises in Baton Rouge, Louisiana. Fisher, after having negotiated the lease, resided in Baton Rouge for a period in excess of two years during the term of the lease and operated the business during such period.
Suit was brought by appellee against Thunder Corporation and appellants in Louisiana for breach of the lease and on appellants' guaranty. Appellants made no appearance in the suit as they considered the Louisiana court had not obtained jurisdiction over them. Judgment was entered and this suit was brought on the foreign judgment. Appellees contend they did not personally transact any business in Louisiana and therefore were not subject to the Louisiana long arm statute.
It is our view that it is the public policy of both the states of Florida and Louisiana that their respective long arm statutes reach as far as the United States Constitution permits. See Delray Beach Aviation Corporation v. Mooney Aircraft, Inc., 5 Cir., 332 F.2d 135 (1964) certiorari denied 379 U.S. 915, 85 S.Ct. 262, 13 L.Ed.2d 185 and Riverland Hardwood Company v. Craftsman Hardwood Lumber Company (La. App. 1970), 239 So.2d 465.
In International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the United States Supreme Court said:
"* * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'"
In relation to substituted service of process under a long arm statute, the Florida Supreme Court in Wm. E. Strasser Construction Corp. v. Linn, 97 So.2d 458, stated as follows:
"We have also held that each case of this kind must be resolved on the basis of the facts revealed by the record in the particular case. While certain general principles may be said to prevail the application of these principles will be governed by the factual situation presented by a particular record. Mason v. Mason *449 Products Company, Fla. 1953, 67 So.2d 762."
In O'Hare International Bank v. Hampton, 437 F.2d 1173 (1971), the United States Court of Appeals, Seventh Circuit, in construing the long arm statute of Illinois in relation to a factual situation similar to the case sub judice, stated:
"Personal jurisdiction over a nonresident defendant does not depend upon the physical presence of the defendant within the state. It is sufficient that the act or transaction itself has a substantial connection with the forum state. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 438, 176 N.E.2d 761, 764 (1961); Koplin v. Thomas, Haab & Botts, 73 Ill. App.2d 242, 254, 219 N.E.2d 646, 652 (1966); Ziegler v. Houghton-Mifflin Co., 80 Ill. App.2d 210, 215, 224 N.E.2d 12 (1967).
The legislative intent of the Illinois long arm statute is to exert jurisdiction over nonresidents to the extent permitted under the due process clause."
* * * * * *
"The test of whether business was transacted within the state must be applied in the context, not of communication and transportation criteria of yesteryears, but of modern day commercial and personal accelerated relationships. The long arm statutes are comrades of the computer."
In the case sub judice, the three appellants were the sole stockholders of Thunder Corporation. In entering into the lease of Louisiana property to be used by Thunder Corporation in the conduct of business in Louisiana, the Louisiana lessor was not willing to rely upon the lessee corporation but required the three sole stockholders thereof to personally guarantee compliance by the corporation with the terms of the lease after having required each of the three stockholders to furnish it personal financial statements. Louisiana has one of the most far-reaching long arm statutes of any state. It would be unreasonable under the circumstances here presented to say that Thunder Corporation can be sued in Louisiana, but its three sole stockholders who personally guaranteed the business transaction involved in this suit were not transacting any business in Louisiana, and therefore can not be reached by the long arm statute. The only reasonable view of this situation is that Constantine and Pennewill appointed the corporate entity and Fisher to act as their agents in transacting this business in Louisiana. Fisher was himself in Louisiana transacting the business as a guarantor thereof. When the three of them undertook to guarantee performance of the lease by the corporation, it is our view that they thereby appointed the corporation as their agent to carry out the terms of the lease in Louisiana and were personally transacting business in Louisiana. All three sole stockholders gave their personal full faith and credit to the performance of the lease by the corporation and thereby became personally involved in the successful carrying out of this business transaction. They and the corporation were jointly and severally liable for any breach of the lease. They had sufficient minimum contacts with the state of Louisiana that the maintenance of this suit does not in our opinion offend traditional notions of fair play and substantial justice. This apparently was the view of the Louisiana court and the court below. We agree.
Affirmed.
RAWLS, C.J., concurs.
BOYER, J., dissents.
BOYER, Judge (dissenting).
I respectfully dissent.
There is nothing in the record of this cause to indicate that Thunder Corporation is an artificial person. Stockholders in cortion. The "corporate veil" was not pierced. I cannot agree that appellants, as *450 stockholders, were the "owners of the corporation." A corporation has no owner. It is an artifical person. Stockholders in corporations have very limited rights. Primarily, assuming the statutory requisites are met, the stockholders have the right to elect directors and ultimately to participate by way of dividends in profits. The traditional reason for incorporation is limitation of liability. I shudder to think of the result of the holding stockholders to be "owners" of a corporation and therefore the alter egos thereof.
It is apparent that appellee recognized the stockholders to be apart and separate from the corporation otherwise there would have been no reason for requiring that the three appellants personally guarantee the payment of any indebtedness incurred by Thunder Corporation under the subject lease.
As recited in the majority opinion, the guaranty was executed by appellants in Florida. The appellants did no business in Louisiana. The mere fact that appellant Fisher resided in Louisiana and worked as an employee of Thunder Corporation there does not subject him to that state's "long-arm statute."
I completely concur with the holding of the Florida Supreme Court in Wm. E. Strasser Construction Corp. v. Linn, cited and quoted from in the majority opinion. Of particular significance is that portion of the decision there quoted. The "factual situation presented" by this "particular record" does not, in my opinion, justify the conclusion reached by the majority. Had the lease by appellee to Thunder Corporation been guaranteed by appellants in Louisiana then perhaps that state's long-arm statute might have extended beyond its borders. However, as recognized by the majority such are not the facts. It is inconceivable to the writer to hold that when the stockholders of a Florida corporation guarantee in Florida the performance of an obligation of that corporation in another state "that they thereby appointed the corporation as their agent" in the other state and that they thereby "were personally transacting business" in that state. The traditional view, and in my opinion the only accurate view, is that under such circumstances the stockholders may be (depending upon the exact factual situation) the agents of the corporation.
I also question the constitutionality and propriety of affecting service across the borders of states by the simple expediency of resorting to the United States Mails. However that particular isolated point is not before us.
I would reverse.