308 So.2d 639 (1975)
AMERICAN BASEBALL CAP, INC., a Foreign Corporation, Appellant,
v.
Andrew Thomas DUZINSKI et al., Appellees.
No. V-396.
District Court of Appeal of Florida, First District.
January 31, 1975.
Rehearing Denied March 17, 1975.
*640 Alan Thompson of Sale, Bryant & Thompson, Panama City, for appellant.
W.A. Swann, Jr., Pensacola, and George C. Cox, Fort Walton Beach, for appellees.
BOYER, Judge.
Appellee, Andrew Duzinski, one of the plaintiffs below, was severely injured when struck in the head by a pitched baseball while wearing a protective helmet allegedly manufactured by appellant. Appellees Henry Duzinski and Irene Duzinski are the parents of Andrew Duzinski. They filed suit in the Circuit Court of Okaloosa County, alleging that defendant, appellant here, was subject to service of process under Florida's "long-arm statutes", specifically F.S. 48.161, 48.181 and 48.182. Appellant filed a motion to dismiss based upon lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process, which motion was denied. The order of denial is the subject of this interlocutory appeal.
Before considering this case on its merits we feel constrained to call to the attention of the attorneys for the parties a group of rules promulgated and adopted by the Supreme Court of Florida governing the prosecution of appeals in civil cases, known as Florida Appellate Rules, 1962 Revision. (Rule 1.2, FAR) Rule 3.7 relates to briefs, form, contents, and filing thereof. Rule 3.7, subd. f(3) provides that the appellant's main brief shall contain a statement of the case and of the facts and points involved. Subsection (4) of that rule further provides that the "argument section" of the appellant's brief "shall contain a division for each of the points involved. Specific assignments of error from which the points argued arise should be stated, and if any reference to the original record or appendix is made, the page should be given."
Rule 3.7, subd. g provides that the appellee's brief shall be prepared in the same manner as the brief of appellant and in addition thereto shall contain:
"(1) A statement of the case and of the points involved, if the appellee disagrees with the statement of appellant.
"(2) A statement of the facts which are necessary to correct or amplify the statement in appellant's brief insofar as it is deemed erroneous or inadequate, with reference to pages of the record-on-appeal.
"(3) Argument on each point presented by appellant and such additional points as appellee desires to present and as fall within the assignments or cross-assignments of error.
* * *"
Rule 4.2, subd. e provides that briefs incident to interlocutory appeals, except as to time of service, "shall be prepared, filed and served in accordance with Rule 3.7".
Sub judice neither the brief of appellant nor of appellees contains any statement of facts, as required by the rule nor *641 is there any indication of the "specific assignments of error from which the points argued arise". Most vexing, however, is appellees' failure to present an "argument on each point presented by appellant". (Rule 3.7, subd. g(3)) Instead of responding to the arguments presented by appellant on the points raised by appellant, appellee has ignored appellant's points and the arguments in support thereof and has gone off on a tangent resulting in the points raised in each brief hanging in the air like Haley's Comet. Such unorthodox procedure, completely contrary to the provisions of the rules in such cases made and provided, has rendered our task of review extremely difficult and cumbersome. If appellees desired to present additional points the rule makes specific provision therefor. However, the presentation of new points by appellees does not excuse failure to respond to points raised and argued in appellant's brief.
Further, the following of the rules relative to including in the briefs of each party a statement of facts would be most helpful to the Court in disposition of the appeal.
In the February 1955 Florida Bar Journal there was published a guide for the preparation of briefs under rules substantially similar to those now in effect. Attorneys handling appellate practice would do well to harken back to that guide.
Turning now to the issues by us to be resolved:
First, may affidavits reciting facts dehors the record be considered by the trial judge in passing upon matters relating to jurisdiction. We hold that they may. However, such affidavits, if they are to be considered by the trial judge, must meet essentially the same requirements as affidavits relative to determination of motions for summary juddgment, viz: They shall be made on personal knowledge, shall set forth only such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Affidavits predicated upon inadmissible hearsay should not be utilized. (See Viking Superior Corporation v. W.T. Grant Company, Fla.App.1st 1968, 212 So.2d 331; Young Spring & Wire Corp. v. Smith, Sup.Ct.Fla. 1965, 176 So.2d 903; Producers Fertilizer Company v. Holder, Fla.App.2nd 1968, 208 So.2d 492; Page v. Staley, Fla. App.4th 1969, 226 So.2d 129 and Lake v. Konstantinu, Fla.App.2nd 1966, 189 So.2d 171)
Our examination of the record before us reveals that there was no competent evidence before the trial judge that appellant was doing business in the State of Florida at the time the subject helmet was manufactured and sold or at the time of the accident giving rise to this controversy. Thus, we are presented squarely with the following point:
"Is a foreign corporation that was not doing business in the State of Florida at the time of the act complained of, but who subsequently commenced doing business in this State and was doing business at the time suit was filed, subject to service of process pursuant to Florida Statute 48.181 or any other applicable statute?
An excellent discussion of Florida's "long-arm statutes" is found in an opinion of our sister court of the Fourth District in Youngblood v. Citrus Assoc. of N.Y. Cotton Exch., Inc., Fla.App.4th 1973, 276 So.2d 505, wherein it is stated:
"In determining a question of jurisdiction which arises under the Florida `long-arm' statutes, we must consider that the provisions for making foreign corporations subject to service of process and subject to the jurisdictions of the Florida courts is matter within the legislative discretion of the state lawmaking body. Confederation of Canada Life Ins. Co. v. Vega y Arminan, 144 So.2d 805 (Fla. 1962). Legislatures have, generally speaking, enacted three types of long-arm statutes: those which require more activities or contacts than are currently *642 required by the United States Supreme Court, those which are co-extensive with the limits of the due process concept, and those which go beyond the due process limits and are hence unconstitutional.
"The Florida `long-arm' statutes are, generally speaking, of the first type; i.e., they require more activities or contacts to sustain service of process than are currently required by the decisions of the United States Supreme Court. Therefore, any analysis of the question of whether jurisdiction in personam has been acquired over a foreign corporation must necessarily start with an analysis of the statutes." (Footnotes deleted; 276 So.2d at pages 507 and 508)
Statutes providing for substituted service must be strictly construed and one seeking to effect service thereunder has the burden of presenting facts which clearly justify the applicability of the statute. (Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App.1st 1964, 160 So.2d 733; Fawcett Publications, Inc. v. Brown, Fla.App.2nd 1962, 146 So.2d 899; Fawcett Publications, Inc. v. Rand, Fla.App.3rd 1962, 144 So.2d 512; Wm. E. Strasser Construction Corp. v. Linn, Sup.Ct.Fla. 1957, 97 So.2d 458; Young Spring & Wire Corp. v. Smith, supra; Zirin v. Charles Pfizer & Co., Sup.Ct.Fla. 1961, 128 So.2d 594; Viking Superior Corporation v. W.T. Grant Company, supra; and Eder Instrument Co. v. Allen, Fla.App.3rd 1971, 253 So.2d 902)
Florida Statute 48.181 (Florida Statutes 1971) reads (insofar as material to the issues herein involved) as follows:
"(1) The acceptance by * * * all foreign corporations * * * of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state * * * as their agent on whom all process in any action or proceeding against them * * * arising out of any transaction or operation connected with or incidental to the business or business venture may be served. * * * (Emphasis added)
"(2) If a foreign corporation has a resident agent or officer in the state, process shall be served on the resident agent or officer.
"(3) Any person, firm or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers or distributors to any person, firm or corporation in this state shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business venture in this state."
The record before us clearly reveals that the appellees failed to prove that appellant, prior to the happening of the event giving rise to this action, operated, conducted, engaged in, or carried on a business or business venture in this State or had an office or agency in the State. (F.S. 48.181(1)) They also failed to prove that appellant, prior to said event, sold, consigned, or leased any tangible or intangible personal property, through brokers, jobbers, wholesalers or distributors to any person, firm or corporation in the State. (F.S. 48.181 (3)) Appellees do not even claim that appellant had or has a resident agent or officer in the State. (F.S. 48.181(2))
It is noted that the statute (48.181(1)) specifically restricts service upon the Secretary of State to actions or proceedings "arising out of any transaction or operation connected with or incidental to the business or business venture".
The Supreme Court of Florida in Zirin v. Charles Pfizer & Co., supra, considering a factually similar case arising under *643 former statute F.S. 47.171, a predecessor of F.S. 48.081 Florida Statutes, 1971, said:
"* * * the statute was intended to apply only to obligations or causes of action which arose out of the activities of the corporation in the State * * *.
* * * * * *
* * * we think the burden should be upon him who invokes the jurisdiction of a court in this State in a suit of this nature to make it appear that the cause of action upon which he sues is one which arose out of the activities of the foreign corporation within this State. Moreover, a failure to do so will render any service upon an agent of that corporation doing business within this State invalid and ineffectual. * * *" 128 So.2d at pages 599-600)
In Giannini Controls Corporation v. Eubanks, Sup.Ct.Fla. 1966, 190 So.2d 171, the Supreme Court considered former Florida Statute 47.16, the predecessor of F.S. 48.181, here involved, and there, discussing Zirin v. Charles Pfizer & Co., supra, said:
"We reversed in the Simari case primarily on the authority of our decision in Zirin v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594. That case involved a question of substituted service arising under F.S. Sec. 47.171 F.S.A. Although we there acknowledged that the foreign corporation against which substituted service had been attempted was `doing business' within the meaning of that section, we nevertheless held that the section `was intended to apply only to obligations or causes of action which arose out of the activities of the corporation in the State.' We reasoned that so interpreted the statute would be free from any objection that it failed to satisfy the demands of due process.
"We see no reason why the condition added by the Zirin decision should not also apply to Sec. 47.16, pursuant to which service herein was attempted. Zirin was concerned with service on `any agent of such foreign corporation transacting business for it in Florida.' Sec. 47.16 authorizes substituted service on foreign corporations that have accepted `the privilege * * * to operate, conduct, engage in, or carry on a business or business venture in the state * * *.' Both sections require substantially the same measure of activity within the state to subject a foreign corporation to suit in Florida courts. The Zirin condition is equally appropriate under both.
* * * * * *
"It is not alleged that the present action arose out of any activities of the petitioner in Florida. Therefore, the writ is granted and the decision of the District Court of Appeal, First District, is quashed with directions to remand to the trial court with instructions to quash service of process against this petitioner." (190 So.2d at pages 172-173)
The Supreme Court of Florida again, in Illinois Central Railroad Company v. Simari, Sup.Ct.Fla. 1966, 191 So.2d 427, discussing the same statutes as heretofore mentioned (former F.S. 47.17, the predecessor of F.S. 48.081, F.S. 1971; and former F.S. 47.16, the predecessor of F.S. 48.181, Florida Statutes 1971) held that those statutes were intended to apply "only to obligations or causes of action which arose out of the activities of the corporation in the State", resting their decision on the due process provision of the Constitution of the United States.
In Manus v. Manus, Fla.App. 4th 1966, 193 So.2d 236, our sister court of the Fourth District said:
"The exercise of jurisdiction by the courts of Florida over a foreign corporation not authorized to do business in Florida is limited to those instances which do not offend the due process requirements of the Fourteenth Amendment to the United States Constitution. The first requirement which must be satisfied *644 is a showing that the cause of action arose out of a transaction or operation connected with or incidental to the activities of the foreign corporation in this state. This requirement is set forth in specific terms in F.S.A. § 47.16 which authorizes service of process in any suit `arising out of any transaction or operation connected with or incidental to such business or business venture.' The business or business venture refers to the acceptance of the privilege extended by law to nonresidents `to operate, conduct, engage in, or carry on a business or business venture in the state.' * * * The due process of law requirements limit all of our service of process statutes based on the `doing business' theory to obligations or causes of action which arose out of the activities of the foreign corporation in this state. While not so specifically stated in the statutes, other than in F.S.A. § 47.16, nevertheless, the requirement has been necessarily engrafted into and made a part of F.S.A. §§ 47.17 and 47.171 in order to satisfy due process requirements of the federal constitution. Bradbery v. Savage, Fla. App. 1966, 190 So.2d 183, and Illinois Central v. Simari, Fla. 1966, 191 So.2d 427. Since the alleged cause of action against this foreign corporation is not shown to have arisen out of an obligation or cause connected with the activities of this foreign corporation in this state, we cannot reach the question of whether or not this foreign corporation was doing business in this state." (193 So.2d at pages 237-238)
(For other cases holding that F.S. 48.181, Florida Statutes 1971, is applicable only to suits resulting from the foreign corporation's activities within the State, see Viking Superior Corporation v. W.T. Grant Company, supra; DeVaney v. Rumsch, Sup.Ct.Fla. 1969, 228 So.2d 904 and Eder Instrument Co. v. Allen, Fla. App.3rd 1971, 253 So.2d 902, and the numerous cases and authorities therein cited)
Appellees urge that although they failed to prove that appellant was doing business in the State of Florida, within the meaning of F.S. 48.181, Florida Statutes 1971, at the time of the incident giving rise to the cause of action, nevertheless upon it being proven that appellant subsequently commenced doing business in the State the statute became applicable, and the appellant subject to service of process thereunder. Appellees' contentions are erroneous in two respects: First, as above stated, in order for a foreign corporation to be subject to service of process under the subject statute it is necessary that the suit in which service is sought have arisen out of the corporation's activities or business in the State. Obviously, if the corporation was not engaged in any activities or business in the State then the cause of action arising in the State could not have resulted therefrom. Second, several of the cases above cited dealt with service of process upon an agent or officer of the foreign corporation while in the State (F.S. 48.081). (See Youngblood v. Citrus Assoc. of N.Y. Cotton Exch., Inc., supra; Manus v. Manus, supra; Illinois Central Railroad Company v. Simari, supra and Zirin v. Charles Pfizer & Co., supra) A fortiori, if service on an agent or officer of a foreign corporation found and served in the State pursuant to F.S. 48.081 (formerly F.S. 47.17) is insufficient to vest jurisdiction in our courts of a suit or proceeding based on a cause of action which did not arise out of the corporation's business or activities in the State, then a subsequent commencement of doing business in the State after accrual of the cause of action cannot afford a basis for substituted service under Florida Statute 48.181 (formerly F.S. 47.16).
We therefore hold that a foreign corporation that was not doing business in the State of Florida at the time of the act complained of but which subsequently commenced doing business in this State and was doing business in this State at the *645 time suit was filed, is not subject to service of process pursuant to Florida Statute 48.181.
Appellees next contend that even if service could not be effected pursuant to F.S. 48.181, Florida Statutes 1971, nevertheless service was properly effected pursuant to Florida Statute 48.182, Florida Statutes 1971. This exact point was considered in an excellent and well reasoned opinion written by Judge Cross speaking for our sister court of the Fourth District in Youngblood v. Citrus Assoc. of N.Y. Cotton Exch., Inc., supra. We have already quoted from a portion of that opinion. However because of the factual similarities and the excellence of the opinion we feel justified in quoting further therefrom:
"In summary, the burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court. Zirin v. Charles Pfizer & Co., supra. This party must show, when attempting to serve a foreign corporation not qualified to do business in the State of Florida, that the requirements of Florida Statute § 48.181, F.S.A. (namely, doing business and connexity) have been met and that process has been served upon a person qualified to accept such process. We would note at this point that the question of due process or `minimum contacts' is not properly discussed if a showing of doing business has been made as the doing business requirement necessarily includes the concept of minimum contacts. Wherefore, as appellants argue that connexity is not required, while in fact it is required, and as no showing of connexity has been made, service cannot be sustained under Florida Statute § 48.081, F.S.A., when read in pari materia with § 48.181 (1971).
"Appellants further urge that should we find against them on the first point, service should be sustained under Florida Statute § 48.182 (1971), F.S.A. This statute would permit Florida courts to exercise in personam jurisdiction over a person who commits a tort outside the state but which has consequences within the state. As indicated in Gordon v. John Deere Co. [N.D.Fla., 320 F. Supp. 293], supra, and Gordon v. John Deere Co., 264 So.2d 419 (Fla. 1972) on question certified by the United States Court of Appeals, Fifth Circuit, 451 F.2d 234 (5th Cir.1971), the statute creates a new remedy and extends Florida long-arm jurisdiction to areas which it was previously unable to reach.
"Again, the starting point for an answer to the question of whether service of process can be sustained is the statute itself. The statute subjects nonresidents to the jurisdiction of Florida courts under the following conditions: (1) the nonresident committed a wrongful act (2) outside the state (3) which caused injury or damage to (4) persons or property within this state, (5) if the nonresident expected or should reasonably have expected the act to have consequences (6) in this state or any other state or nation and (7) derives substantial revenue from interstate or international commerce. If all of the above conditions have been met, the nonresident may be personally served in any action arising from the wrongful act (a requirement of connexity) in the same manner as a nonresident who commits a wrongful act within this state." (276 So.2d at pages 509-510; footnotes deleted)
Florida Statute 48.182 is inapplicable sub judice for a further reason: The accident giving rise to this controversy occurred on June 13, 1969. Florida Statute 48.182 was enacted as Chapter 70-90, Laws of Florida 1970, and became effective July 1, 1970. In Gordon v. John Deere Company, Sup. Ct.Fla. 1972, 264 So.2d 419, the Supreme Court answered a question certified to it by the United States Court of Appeals, *646 Fifth Circuit, the question being as follows:
"Whether or not Florida Statutes, Section 48.182 (1970), applies retroactively to allow service under its provisions as to an alleged wrongful act committed prior to the enactment of the Statute."
In answering the certified question the Supreme Court said:
"After argument and upon consideration of the briefs and authorities cited, we have concluded that the statute is not to be applied retroactively and that the question certified must, accordingly, be answered in the negative." (264 So.2d at page 420)
Our examination of the record reveals that appellant made a prima facie showing that it was not amenable to substituted service of process under Florida's "long-arm statutes." Upon such showing the burden shifted to appellees to support the allegations of their complaint and to clearly show facts sufficient to sustain the propriety of the substituted service of process sought. (Viking Superior Corporation v. W.T. Grant Company, supra)
We do not here hold that appellees cannot by appropriate proof (see Viking Superior Corporation v. W.T. Grant Company, supra) meet their burden of proof. We only hold that they have not done so. In the absence of a showing that the complaint is defective or that appellant has been or will be in some manner prejudiced, appellees should be afforded a further opportunity, within the guidelines of this opinion and the cases herein cited, to again attempt service of process upon appellant. (See DeVaney v. Rumsch, supra)
Reversed and remanded for further proceedings consistent herewith.
RAWLS, C.J., concurs.
McCORD, J., concurring specially.
McCORD, Judge (concurring specially).
In Fisher v. Premiere Realty Company, Inc., Fla.App.(1st), 298 So.2d 447, we stated it was our view that it is the public policy of the State of Florida that its long arm statute reach as far as the United States Constitution permits. In that statement, we agreed with a similar statement of the U.S. Court of Appeals, 5th Circuit, in its opinion in Delray Beach Aviation Corporation v. Mooney Aircraft, Inc., 332 F.2d 135. Insofar as the quotation contained in Judge Boyer's above opinion from the Fourth District Court of Appeal's opinion in Youngblood conflicts with our statement in Fisher, I disagree with the Fourth District opinion. In all other respects, I agree with Judge Boyer's opinion.