315 So.2d 237 (1975)
GEORGIA SAVINGS AND LOAN SERVICE CORPORATION, Appellant,
v.
DELWOOD ESTATES, INC., Appellee.
No. X-516.
District Court of Appeal of Florida, First District.
July 9, 1975.
Benjamin W. Redding, of Barron, Redding, Boggs & Hughes, Panama City, for appellant.
Bill R. Hutto, of Syfrett, Hutto, O'Brien & Paulk, Panama City, for appellee.
BOYER, Chief Judge.
Appellant, defendant in the trial court, seeks by this interlocutory appeal review of an order of the trial court denying the defendant's motion to quash service of process under Florida's "long-arm statute". We have heretofore, in prior opinions of this Court, discussed the proper methods for adducing proof in this sort of case.[1] Nothing will be accomplished by reiterating here that which was said there. Suffice to say that our examination of the record before us reveals a dearth of evidence that appellant was doing business in the State of Florida.[2] Indeed, appellee *238 tacitly concedes that there is no such evidence, but urges that jurisdiction and service of process may be bottomed upon F.S. 48.193(1)(g), which provides in material part as follows:
"Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person * * * to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
"(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.
* * * * * *"
Again, however, although the record would sustain an inference that the contract giving rise to the cause of action sub judice required the performance of acts in this State and that such contract was breached by appellant, there is no direct proof thereof by affidavit or otherwise. As stated in American Baseball Cap, Inc. v. Duzinski, supra:
"Statutes providing for substituted service must be strictly construed and one seeking to effect service thereunder has the burden of presenting facts which clearly justify the applicability of the statute [citations omitted]." (308 So.2d 642)
We do not here hold that appellee cannot by appropriate proof meet its burden of proof. We only hold that it has not done so. In the absence of a showing that appellant has been or will be in some manner prejudiced, appellee should be afforded a further opportunity, within the guidelines of this opinion and the cases herein cited, to again attempt to substantiate service of process upon appellant.[3]
Appellee's motion for attorney's fees incident to this interlocutory appeal is denied.
Reversed and remanded for further proceedings consistent herewith.
McCORD and MILLS, JJ., concur.
NOTES
[1] Metcalf v. Langston, Fla.App.1st 1974, 296 So.2d 81, cert. dis. Sup.Ct.Fla. 1974, 302 So.2d 414; American Baseball Cap, Inc. v. Duzinski, Fla.App.1st 1975, 308 So.2d 639.
[2] American Baseball Cap, Inc. v. Duzinski, supra.
[3] American Baseball Cap, Inc. v. Duzinski, supra, and cases therein cited.