ESCAMBIA TREATING COMPANY,
Plaintiff,

v.

OTTO CANDIES, INC., Defendant.

No. PCA 75–123.

United States District Court,
N. D. Florida,
Pensacola Division.

Dec. 15, 1975.

H. Edward Moore, Jr., Larry Hill, Sherrill & Moore, Pensacola, Fla., for plaintiff.

Fletcher Fleming, Shell, Fleming, Davis & Menge, Pensacola, Fla., and Cornelius G. Van Dalen, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

ORDER

ARNOW, Chief Judge.

This matter came on for hearing on October 10, 1975 on defendant's motion to quash service of process, with defendant appearing specially for the limited purpose of contesting jurisdiction. After hearing on the motion, plaintiff was allowed until December 1, 1975 to submit further evidence respecting sufficiency of service of process on defendant. In lieu of additional evidence, plaintiff has submitted a further memorandum in support of its position.

Service of process on defendant herein was attempted under Florida's recently enacted "long-arm" statute, § 48.193 of the Florida Statutes. Under the old long-arm act, *F.S.* § 48.181, acceptance of the privilege "to operate, conduct, engage in, or carry on a business or business venture in the state" could subject a foreign corporation to the jurisdiction of the state's courts. That statute has been interpreted to require "more activities or contacts to sustain service of process than are currently required by the decisions of the United States Supreme Court." *Youngblood v. Citrus Associates of the New York Cotton Exchange, Inc.,* 276 So.2d 505 (Fla.App. 4th 1973).

With respect to jurisdiction based on business contacts with the state, the language of the new long-arm statute is identical to that of the old act. Plaintiff takes the position, however, that the new statute requires fewer contacts than

were needed under the old act to sustain jurisdiction. In support of his position, plaintiff cites two cases from the Florida First District Court of Appeals, *Fischer v. Premier Realty Co., Inc.,* 298 So.2d 447 (Fla.App. 1st 1974) and *Babson Brothers Co. v. Allison,* 298 So.2d 450, (Fla.App. 1st 1974). These cases construed the reach of Florida's old long-arm statute to be coextensive with the limits of constitutional due process. In the later case of *American Baseball Cap, Inc. v. Duzinski,* 308 So.2d 639 (Fla.App. 1st 1975), however, the First District appears to have receded from its position, citing with approval the Fourth District's characterization of Florida's long-arm statute as one that requires more than the contacts necessary to satisfy due process.

Plaintiff also relies on *Rebozo v. Washington Post Co.,* 515 F.2d 1208 (5th Cir. 1975) wherein Fifth Circuit indicated that Florida courts might construe the new long-arm provisions to be of broader reach than the earlier statute. In reaching this conclusion, *Rebozo* relied on the *Babson Brothers* case, *supra,* which is now of doubtful authority in light of *American Baseball Cap. Rebozo* also cited *Martin Blumenthal Associates, Inc. v. Dinsmore,* 289 So.2d 481, 483 (Fla.App. 3d 1974) for the proposition that Florida's long-arm statute is "applicable to the fullest extent permissible within constitutional limits upon the state's power to act extraterritorily." The decision in *Blumenthal* was subsequently quashed by the Florida Supreme Court. *Dinsmore v. Martin Blumenthal Associates, Inc.,* 314 So.2d 561 (Fla.1975).

■ In view of the foregoing, this court concludes that Florida's courts would give the language of *F.S.* § 48.-193(1)(a) the same construction that identical language under the earlier long-arm statute has been given.

This conclusion is consistent with *Georgia Savings & Loan Service Corp. v. Delwood,* 315 So.2d 237 (Fla.App. 1st 1975), one of the few Florida cases dealing with new Section 48.193, placing a strict construction on the act. Applying the standard developed under the earlier statute, it is the decision of this court that plaintiff has failed to demonstrate sufficient contacts by defendant with the State of Florida to support the exercise of jurisdiction in this case. The Florida cases cited by plaintiff as upholding service of process under this test involved defendants having significantly greater contacts than the contacts of defendant in the present case.

Because this conclusion is dispositive of the present motion, the court does not reach the further question under § 48.193(3) of whether the cause of action herein arose "from acts or omissions enumerated in this section."

Therefore, it is,

Ordered: Defendant's motion to quash service of process is granted, and such service is hereby quashed.