PER CURIAM.
Upon review of the briefs and the appellate record we are of the opinion that no reversible error occurred with respect to the trial court’s denial of the motion to dismiss of appellants-defendants, Conco, Inc. and O’Brien Manufacturing Company, Inc.; however, we are of the opinion that the trial court erred in denying the motion to dismiss of appellant-defendant Lewis.
The complaint filed below by appellee-plaintiff, Cues, Inc., sought damages for alleged interference with the contractual relations; unjust enrichment for the use of trade secret information; and breach of contract. Service of process was made upon each of the appellants-defendants in the State of Illinois pursuant to the Florida long-arm statute (section 48.193(l)(b), (g), Florida Statutes).[1]
With respect to appellants-defendants, O’Brien Manufacturing Company, Inc. and Conco, Inc., we are of the opinion that the record reflects sufficient jurisdictional facts to support the appellee-plaintiff, Cues, Inc.’s, cause of action predicated upon the alleged commission of a tortious act within the State of Florida consistent with count one, i. e., interference with contractual relations. Elmex Corp. v. Atlantic Federal Savings & L. Ass’n, 325 So.2d 58 (Fla.4th DCA 1976); Rebozo v. Washington Post Company, 515 F.2d 1208 (5th Cir. 1975); see also Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla.4th DCA 1971).[2] However, with respect to appellant-defendant Lewis, we *242 are of the opinion that the record does not contain sufficient jurisdictional facts to support the appellee’s cause of action against Lewis predicated upon a breach of contract in the State ; on the contrary, the evidence shows that the breach, if any, occurred in the State of Illinois.
Accordingly, the order denying appellants-defendants, O’Brien Manufacturing Company, Inc. and Conco, Inc.’s motion to dismiss is affirmed and the order denying appellant-defendant Lewis’ motion to dismiss is reversed and the cause remanded for further proceedings consistent herewith.
MAGER, C. J., and CROSS and DOW-NEY, JJ., concur.

. “Sec. 48.193 Acts subjecting persons to jurisdiction of courts of state
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
(b) Commits a tortious act within this state ' * * * * * *
(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.”

. In our opinion the taking of a deposition by a non-resident served with substituted service of process in support of a motion to dismiss for lack of jurisdiction does not constitute an ap *242 pearance for the purpose of conferring jurisdiction upon the court. Cf. McKelvey v. McKelvey, 323 So.2d 651 (Fla.3d DCA 1976); Ward v. Gibson, 340 So.2d 481, (Fla.App.) Third District Court of Appeal Case opinion filed June 2, 1976.