362 So.2d 367 (1978)
COSMOPOLITAN HEALTH SPA, INC., Appellant,
v.
HEALTH INDUSTRIES, INC., a Utah Corporation, and Harold E. Johnson, Appellees.
No. 78-302.
District Court of Appeal of Florida, Fourth District.
August 16, 1978.
Rehearing Denied September 29, 1978.
James M. Spoonhour, of Lowndes, Peirsol, Drosdick & Doster, Orlando, for appellant.
James E. Foster, of Fishback, Davis, Dominick & Simonet, Orlando, for appellee-Health Industries, Inc.
CROSS, Judge.
Cosmopolitan Health Spa, Inc., seeks through interlocutory appeal review of an order denying its motion to dismiss for lack of personal jurisdiction in a garnishment action. We reverse.
On June 7, 1977 Health Industries, a Utah corporation, filed its motion for writ of garnishment requesting that a writ be issued against Cosmopolitan Health Spa, Inc. [hereinafter Cosmopolitan], a North Carolina corporation, based on a judgment which Health Industries had earlier obtained *368 against Harold E. Johnson, the principal defendant. It is all but conceded that Cosmopolitan neither does business nor has corporate agents within the State of Florida. In its Amended Motion for Writ of Garnishment, Health Industries alleged:
"4. Plaintiff alleges on information and belief that the Garnishee, COSMOPOLITAN HEALTH SPA, INC., a non-resident foreign corporation, is presently indebted to HAROLD E. JOHNSON, by reason of COSMOPOLITAN HEALTH SPA INC.'s entering into a contract, or contracts with HAROLD E. JOHNSON which contract, or contracts, require acts to be performed in the State of Florida and, or in the alternative, which contract, or contracts, require payment to be made in the State of Florida.
"5. And, or in the alternative, Plaintiff alleges on information and belief that Garnishee, COSMOPOLITAN HEALTH SPA, INC., is presently indebted to David Dewey Johnson.
"6. Defendant, HAROLD E. JOHNSON, has transferred a certain promissory note, a copy being attached hereto and marked Exhibit "1" and incorporated by reference herein, to David Dewey Johnson. The aforesaid transfer was made for no consideration, or for a nominal consideration, and was made with the intent to delay, hinder and defraud the Plaintiff herein. Said transfer constitutes a fraudulent conveyance with respect to Plaintiff."
The Writ issued and was personally served on Cosmopolitan in Charlotte, North Carolina. Cosmopolitan, appearing specially, then filed its motion to dismiss for lack of personal jurisdiction, or alternatively, to quash service of process. After amendments to both the motion for Writ of Garnishment and the Motion to Dismiss, the trial court entered its order denying Cosmopolitan's motion to dismiss. This interlocutory appeal then followed.
In order to allow the assertion of in personam jurisdiction over a defendant outside the territorial reach of the courts of this state, a burden is imposed on the plaintiff to plead sufficient material facts to establish a basis for the exercise of such jurisdiction. If such jurisdiction over the person of the defendant is properly challenged by affidavit, the plaintiff must sustain its assertions by affidavit or other proof and may not rely on a mere reiteration of the allegations contained in the complaint. Georgia Savings and Loan Service Corp. v. Delwood Estates, Inc., 315 So.2d 237 (Fla. 1st DCA 1975). See also Dublin Company v. Peninsular Supply Co., 309 So.2d 207 (Fla. 4th DCA 1975).
In order to sustain in personam jurisdiction over Cosmopolitan, appellee relies on Section 48.193(1)(g), Florida Statutes, which provides:
"(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of the following:

"(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state." (Emphasis added)
The above provision, as with other provisions of Florida's long arm statute, must be strictly construed in order to guarantee compliance with due process requirements. Dublin v. Peninsular Supply Co., supra. The caselaw interpreting Section 48.193(1)(g), Fla. Stat., although scant, is sufficient to support the view that before in personam jurisdiction may attach over a defendant, proper allegations must be pled to show that the defendant failed to perform an act or acts whose performance was to be in Florida and that such breach formed the basis for the cause of action for which relief is sought by the plaintiff. See First National Bank of Kissimmee v. Dunham, 342 So.2d 1021 (Fla. 4th DCA 1977); Madax International Corp. v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla. 2d DCA 1977); Lewis v. Cues, Inc., 338 So.2d 241 (Fla. 4th DCA 1976); *369 Feldman v. Southeast Bank of Dadeland, 323 So.2d 628 (Fla. 3d DCA 1976); Georgia Savings and Loan Service Corp. v. Delwood Estates, Inc., supra.
In the instant case appellee's allegations contained in its motion for writ of garnishment are insufficient to sustain the exercise of in personam jurisdiction. Although the existence of a contract whose terms require payment to be made in Florida between Cosmopolitan and Mr. Johnson, the defendant in the principal action, has been properly alleged, the mere existence of a contractual obligation to be performed in Florida, without more, will not support the exercise of in personam jurisdiction. Appellee has failed to show that its cause of action against Cosmopolitan arises directly from a breach of such contract performable in Florida. Thus, the error of the trial court in denying the motion to dismiss.
We do not determine now whether Cosmopolitan may be amenable to the jurisdiction of the courts of Florida under alternative theories of jurisdiction. See Harris and Company Advertising, Inc. v. Republic of Cuba, 127 So.2d 687 (Fla. 3d DCA 1961). Nor do we address the issue of whether appellee's allegations would support the exercise of an alternative theory of jurisdiction. See Chaachou v. Kulhanjian, 104 So.2d 23 (Fla. 1958); Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825 (1924). We only determine that appellee's motion for writ of garnishment contains insufficient allegations to support the exercise of in personam jurisdiction over Cosmopolitan.
Accordingly, we reverse the trial court's order denying Cosmopolitan's motion to dismiss, and remand with directions to enter an order dismissing the amended motion for Writ of Garnishment, without prejudice.
Reversed and remanded, with directions.
DOWNEY, C.J., and MOORE, J., concur.