**Lothar GEYER, Plaintiff–Appellee,**

v.

**VARGAS PRODUCTIONS, INC. f/k/a Miller–Johnson Circus, Inc., Defendant–Appellant.**

**No. 78–2294.**

United States Court of Appeals, Fifth Circuit.

Oct. 10, 1980.

Macfarlane, Ferguson, Allison & Kelly, John R. Bush, Claude H. Tison, Jr., Tampa, Fla., for defendant–appellant.

Edward F. Gerace, Tampa, Fla., for plaintiff–appellee.

Before GEE and RANDALL, Circuit Judges, and LYNNE *, District Judge.

RANDALL, Circuit Judge:

In 1973, Appellant, Vargas Productions, Incorporated (Vargas or "the circus"), entered into a contract with Appellee, Lothar Geyer, a circus performer who performs a hand–balancing act. By the contract, Vargas agreed to employ Geyer wherever the

---

* District Judge of the Northern District of Alabama, sitting by designation.

circus performed in 1975. Geyer was also employed by the circus in 1973, and in December of that year Vargas repudiated the 1975 contract because of a disagreement between Geyer and one of the circus managers. In August 1976, Geyer sued Vargas in a Florida state court for breach of the contract. Vargas removed to a federal court on the basis of diversity. In the federal court, Vargas moved to dismiss on the ground that it was not subject to personal jurisdiction in the Florida courts. In the alternative, Vargas sought a change of venue to the Northern District of California. Both motions were denied. The case was tried to a jury, which returned a verdict in Geyer's favor in the amount of $21,250—the contract salary of $28,000, less a commission owed to Geyer's agent and mitigated by his actual 1975 earnings. Vargas sought a remittitur in the amount of $7654, arguing that the jury had failed to take into account Geyer's likely expenses for the 1975 season. The court granted a remittitur in the amount of $5250, bringing the verdict to $16,000. The court then added prejudgment interest in the amount of $2120 on the jury verdict as reduced, although the issue of Geyer's entitlement to prejudgment interest was not submitted to the jury. Vargas appealed.

Vargas raises four issues on this appeal. Initially, Vargas contends that it was not subject to personal jurisdiction in Florida. Next, it contends that the remittitur ordered by the court was insufficient. Third, Vargas argues that the district court abused its discretion in failing to transfer the action to the Northern District of California. Finally, Vargas urges us to vacate the award of prejudgment interest. We agree that the grant of prejudgment interest was not proper under Florida law, and we vacate that award. In all other respects, we affirm the judgment below.

■ Vargas first argues that the district court erred in concluding that it had personal jurisdiction of Vargas pursuant to Fla.Stat.Ann. § 48.193(1)(a) or (g) (West 1980). Section 48.193 provides, in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.

.    .    .    .

(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.

.    .    .    .

(3) Only causes of action arising from acts or omissions enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section, unless the defendant in his pleadings demands affirmative relief on other causes of action, in which event the plaintiff may assert any cause of action against the defendant, regardless of its basis, by amended pleadings pursuant to the rules of civil procedure.

A federal district court has held that § 48.193(1)(a) should be given the same construction that the Florida courts have given the identical language in the former Florida long–arm statute, Fla.Stat.Ann. § 48.181 (repealed 1973). *Escambia Treating Co. v. Otto Candies, Inc.*, 405 F.Supp. 1235 (N.D.Fla.1975). In this case, then, for jurisdiction over Vargas under § 48.193(1)(a) to be proper, Vargas must have engaged in business, or a business venture, in Florida, and § 48.193(3) requires that Geyer's cause of action arise "out of a transaction or operation connected with or incidental to the activities of the foreign corporation in Florida." *Gordon v. John Deere Co.*, 320 F.Supp. 293, 295 (N.D.Fla. 1970) (noting Florida construction of § 48.-181).

By operating the circus in Florida for some period of time in 1973, 1974, and 1975, Vargas engaged in a business venture in Florida. It therefore submitted itself to the jurisdiction of Florida courts with regard to any cause of action arising out of a transaction or operation connected with or incidental to its activities in Florida. The question is whether the contract of employment, the breach of which is the cause of action sued upon, is a transaction connected with or incidental to the circus' activities in Florida. Geyer's 1975 contract with Vargas obligated him to perform for the circus wherever it appeared that season. The circus did appear in Florida in 1975, albeit after Vargas breached the contract. Vargas argues that because, at the time of the breach, the circus was not *obligated* to play in Florida, there is insufficient connection between the cause of action and Vargas' activities in Florida to permit the exercise of long–arm jurisdiction under the statute, but we disagree. Geyer was obligated to perform wherever the circus performed; absent the breach he would have been obligated to perform in Florida. In order to conduct its business–a circus exhibition–in Florida, as elsewhere, Vargas needed "acts." Vargas discovered Geyer in Florida on the 1973 tour, and Vargas thereafter hired Geyer as an act for the 1975 circus tour. That transaction was "connected with or incidental to" the business Vargas carried on wherever it appeared; and the circus appeared in Florida in 1975. We therefore hold that personal jurisdiction in Florida over Vargas pursuant to Fla.Stat. Ann. § 48.193(1)(a) was proper. Moreover, Vargas' contacts with Florida were sufficient to meet the constitutional requirements of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ In *Gorsalitz v. Olin Mathieson Chemical Co.*, 429 F.2d 1033 (5th Cir. 1970), we adopted the following standard for reviewing a district court's decision to order remittitur:

The trial judge's view that a verdict is outside the proper range deserves con-

siderable deference. His exercise of discretion in granting the motion is reviewable only for abuse.

429 F.2d at 1046, quoting *Taylor v. Washington Terminal Co.*, 409 F.2d 145, 149 (D.C. Cir.) (discussing motions for new trial based on excessive verdicts), *cert. denied*, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969). In *Gorsalitz* we emphasized the trial judge's broad discretion in ruling on motions for remittitur, and held that remittitur should only lower the verdict to the figure that is the maximum that the jury could reasonably find. 429 F.2d at 1046.

Vargas argued that, since the jury did not subtract any amount from the verdict for expenses Geyer would have had if he had been on the road with the circus in 1975, the verdict was excessive. The district court agreed and ordered a remittitur of $5250. Vargas argues, however, that the proper deduction was $7654, since Geyer and his wife, who assisted him in his performances, claimed that amount as business deductions on their tax returns for 1973, and because Geyer testified that he would have had "like expenses" in 1975. Vargas contends that this testimony shows that the amount of Geyer's expenses would have been the same in 1975. Our reading of the testimony, however, suggests that Geyer meant that he would have had similar *items* of expenses, not that the amounts would have been identical. For this reason, we think the trial court's judgment that Vargas was entitled to no more than $5250 in remittitur was not an abuse of his discretion, since it brought the verdict into the range of the maximum that the jury could reasonably find.

■ The decision of the trial court with regard to the motion for a change of venue is reviewable only for an abuse of discretion. *United States v. Ponder*, 475 F.2d 37, 38 (5th Cir. 1973). We find no abuse of discretion in the denial of Vargas' motion for a transfer to the Northern District of California. Although Vargas' only argument with regard to the issue is that trial outside the Northern District made it impossible for the circus to present its case

other than by deposition, the itinerant nature of Vargas' business suggests that no matter where the trial was held, the forum would probably have been inconvenient for some witnesses, at least during the 40 to 46 week traveling season. Additionally, none of Vargas' witnesses were actually deposed in the Northern District of California. The district court did not abuse its discretion in denying the motion for transfer.

Finally, with regard to Vargas' claim that the trial court erred in awarding prejudgment interest to Geyer without submitting the issue to the jury, we agree, and we vacate the award of prejudgment interest. Under Florida law, a party may recover prejudgment interest as damages for breach of contract, but where the contractual damages are unliquidated, as here, prejudgment interest is an element of damages that must be ascertained by the jury. *See Plantation Key Developers v. Colonial Mortgage Co.*, 589 F.2d 164, 170 (5th Cir. 1979). In *Plantation Key*, we held that a federal court sitting in diversity in a case governed by Florida law was bound to apply the Florida rule with regard to prejudgment interest. Accordingly, we vacate the award of prejudgment interest because the issue was not submitted to the jury.

The judgment as entered after remittitur, in the amount of $16,000, is affirmed. The award of prejudgment interest is vacated.

AFFIRMED IN PART and VACATED IN PART.