460 So.2d 547 (1984)
David H. DeMARCO, Appellant,
v.
CAYMAN OVERSEAS REINSURANCE ASSOCIATION, LTD., Appellee.
No. BA-252.
District Court of Appeal of Florida, First District.
December 13, 1984.
*548 Martin J. Mickler and Michael C. Pendley of Bullock, Childs, Mickler & Cohen, Jacksonville, for appellant.
Waddell A. Wallace, III of Smith & Hulsey, Jacksonville, for appellee.
SHIVERS, Judge.
By this interlocutory appeal, appellant seeks review of the order of the trial court denying his motion to dismiss the cause of action on the ground that the court lacks jurisdiction over his person. The trial court determined that the appellant, the defendant below, was subject to substituted service of process under § 48.181(1), Florida Statutes. We agree and affirm.
The plaintiff below, Cayman Overseas Reinsurance Association, Ltd. (CORAL), a Cayman Islands corporation, entered into an agreement reinsuring certain risks with Snug Harbour, Ltd. (Snug Harbour), a Cayman Islands corporation of which the appellant was president and a major stockholder. Subsequently, a dispute arose between CORAL and Snug Harbour as to the payment of claims on these reinsured risks. To forestall a planned legal action against Snug Harbour, the appellant signed a guarantee agreeing to be personally liable for Snug Harbour's obligations under the reinsurance agreement. The appellant was a resident of Florida at the time of signing this guarantee and the signing occurred in this state. Two years later, CORAL brought the suit below against the appellant in the Circuit Court for Duval County for breach of the contractual obligation of the guarantee. The appellant, no longer a Florida resident, was served by substituted service of process under the long-arm statute of our state pursuant to the provisions of § 48.181(1), Florida Statutes, as follows:
(1) The acceptance by any person or persons, individually, or associated together as a co-partnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.
The Florida Supreme Court has held that each case presented under the long-arm statute must be resolved on the basis of the facts revealed by the record in the particular case. Wm. E. Strasser Construction *549 Corp. v. Linn, 97 So.2d 458 (Fla. 1957).
This court has maintained the view that it is the public policy of Florida that its long-arm statute reach as far as the United States Constitution permits. Fisher v. Premiere Realty Company, Inc., 298 So.2d 447 (Fla. 1st DCA 1974); Babson Bros. Co. v. Allison, 298 So.2d 450 (Fla. 1st DCA 1974). The extent of that reach is defined in the principle set forth by the United States Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945):
[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." (citation omitted).
Thus, construction of Florida's long-arm statute is limited only by its terms and the due process requirement of minimum contacts with the forum.
In the instant case, the guarantee establishing the contractual obligation sued upon was executed by the appellant in this state. The single act of signing a contractual agreement within the forum state may constitute sufficient minimum contacts to sustain the exercise of in personam jurisdiction over a nonresident in subsequent suit for breach of the agreement. Fisher; Einhorn v. Home State Savings Association, 256 So.2d 57 (Fla. 4th DCA 1971). Under the facts presented in the instant case, there is ample support for the trial court's determination that the appellant had accepted the privilege of engaging in a business or business venture in this state so as to be subject to the exercise of Florida's long-arm jurisdiction under § 48.181(1). This exercise of jurisdiction does not, in our view, offend "traditional notions of fair play and substantial justice." On the contrary it seems fair to require the appellant who executed a guarantee in Florida to return to this forum for adjudication of his obligation under that agreement. Accordingly, we affirm.
WENTWORTH, J., concurs.
NIMMONS, J., dissents with written opinion.
NIMMONS, Judge, dissenting.
I cannot agree that the single act of DeMarco's signing the subject agreement in Florida was sufficient to sustain the trial court's exercise of in personam jurisdiction under Section 48.181(1), Florida Statutes, where performance of the agreement's obligations was to occur in the Cayman Islands, home of the obligee, Coral. I would reverse.