228 So.2d 904 (1969)
Elizabeth C. DeVANEY and George H. DeVaney, Her Husband, Petitioners,
v.
Bernard J. RUMSCH, M.D.; Munroe Memorial Hospital; Henry L. Harrell, M.D.; J.P. Moore, M.D.; and Alex Goulard, M.D., Respondents.
No. 38405.
Supreme Court of Florida.
November 25, 1969.
*905 Greene, Ayres, Swigert, Cluster & Tucker and Edwin C. Cluster, Ocala, for petitioners.
Clayton, Duncan, Johnston, Clayton & Quincey, and Harry C. Duncan, Gainesville, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 218 So.2d 238. The decision sought to be reviewed holds that Florida Statute § 48.181, F.S.A., providing for constructive service of process "does not apply to persons practicing a profession in this State in contrast to engaging in business in this State."
Florida Statute § 48.181, F.S.A., provides:
"The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations."
The District Court of Appeal, Second District, in Matthews v. Matthews[1] recognized the test of carrying on a business to be "a general course of employment and conduct of carrying on * * * personal business activity in this state for * * * pecuniary benefit or livelihood."
The District Court of Appeal, Third District, in McCarthy v. Little River Bank & Trust Co.,[2] upheld service of process under Florida Statute § 48.181, F.S.A., on an individual who came into the state to participate in the proceeds of an uncle's estate. The Court held:[3]
"There is no question that the provision of Fla. Stat. § 48.181, F.S.A. applies to individuals. * * * We do not believe that the term `business venture' includes or applies exclusively to commercial transactions for benefit. * * * It is admitted by McCarthy that he was engaged in a course of conduct and acts in Florida as a result to his expectation of being named and receiving benefits under his uncle's will. It is clear that his acts in Florida were done for the purpose of realizing a pecuniary benefit, although no actual pecuniary benefit ever resulted to him."
In the instant case the District Court of Appeal, First District, relied on its own prior decision in Williams v. Duval County Hospital Authority,[4] wherein it was stated:
"In each of the cases we have reviewed in which the courts have held that a defendant was amenable to constructive service of process under the statute here considered, it was made to appear that the act giving rise to the cause of action sued upon arose out of a transaction or occurrence in connection with a commercial business or business venture such *906 as the management of a commercial enterprise, the purchase, management, and sale of property, or the financing of business ventures looking to the acquisition, management, control, and sale of commercial enterprises."
The foregoing passages from opinions of the Second, Third and First Districts indicate that conflicting tests for carrying on a business or business venture are being applied. The First District requires a "commercial enterprise" while the Second and Third Districts, base their determinations on a showing of "pecuniary benefit."
The First District in the instant case also based its holding on the distinction between a business and profession. Historically this distinction has been used in connection with the imposition of additional ethical and moral obligations on the professional person.[5] The holding of the First District Court imposes a greater responsibility on the nonprofessional business person than on the professional.
We do not believe that the "professional-business" distinction has any applicability in the context of the statute here involved. The determinative question is whether goods, property or services are dealt with within the state for the pecuniary benefit of the person providing or otherwise dealing in those goods, property or services. One who suffers a personal injury such as is alleged in this case, is entitled to obtain constructive service of the wrongdoer, regardless of whether the injury resulted from goods, services or property transactions within the state.
Many callings today are considered "professions" and are often the livelihood of their practitioners. It is general knowledge that the business aspect of the profession is increasingly more than "incidental." The Legislature in enacting the Professional Service Corporation Act[6] has recognized the dual nature of the professional today. That Act defines "professional service" to include services by the following: certified public accountants, public accountants, chiropractors, dentists, osteopaths, physicians and surgeons, doctors of medicine, doctors of dentistry, podiatrists, chiropodists, architects, veterinarians, attorneys at law and life insurance agents.[7] In addition, naturopathist,[8] optometrist,[9] nurses,[10] pharmacists,[11] architects,[12] funeral directors and embalmers,[13] engineers,[14] land surveyors,[15] cosmetologist,[16] masseurs and masseuses,[17] among others, are specifically referred to in the Statutes, and regulated as, "professions." Presumably the decision under review would result in anyone having professional status being immune from constructive service of process under Florida Statute § 48.181, F.S.A., for torts resulting from their acts.
We hold the intent of the Legislature in enacting Florida Statute § 48.181, *907 F.S.A., to be that any individual or corporation who has exercised the privilege of practicing a profession or otherwise dealing in goods, services or property, whether in a professional or nonprofessional capacity, within the State in anticipation of economic gain, be regarded as operating a business or business venture for the purpose of service under Florida Statute § 48.181, F.S.A., in suits resulting from their activity within the State. As indicated in Matthews[18] the activities of the person sought to be served must be considered "collectively" and show a general course of employment and conduct of carrying on business activity in the State for pecuniary benefit.
The District Court reversed the trial court and ordered any service of process had, or attempted, against respondent quashed on the ground that Florida Statute § 48.181, F.S.A., was "inapplicable to a nonresident who has been engaged in only a profession in Florida and not a business * * *." This holding made it unnecessary for the District Court to pass on the efficacy of successive efforts to obtain service under the Statute without filing new actions.
Respondents contend that under the prior orders of the lower court holding attempted service invalid, petitioners were required to refile their complaint against Dr. Rumsch. The Order of February 20, 1967, did not go to the merits or require the filing of a new complaint. The order of April 4, 1968, is ambiguous. It refers back to the February Order and indicates that petitioners should have refiled their complaint but does not require refiling.
Both the Orders of February 1967 and April 1968 were based on service being defective for failure to comply with the Statute. The same judge who entered the two prior orders quashing service and dismissing the complaint as to Dr. Rumsch, also entered the order under review allowing additional time to perfect service under Florida Statute § 48.181, F.S.A. While not decisive, the trial judge's interpretation of his own order is highly persuasive. In addition respondent Rumsch was only one of several joint tort feasors included in the complaint.
There is no contention that the original complaint is defective or that Dr. Rumsch's rights have been adversely affected in this procedure. Under the circumstances we hold it unnecessary for petitioners to have refiled after each attempted service under Florida Statute § 48.181, F.S.A.
Respondents also contend that because petitioners responded to discovery proceedings instituted by joint tort feasors prior to effective service being obtained against respondent herein, petitioners elected not to proceed against the unserved party. We find no merit whatever in this contention.
Accordingly, the decision of the District Court is quashed and the cause remanded with directions to reinstate the order of the trial court granting petitioners additional time to perfect service of process.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW, CARLTON, and ADKINS, JJ., concur.
NOTES
[1] 122 So.2d 571 (Fla.App.2nd 1960).
[2] 224 So.2d 338 (Fla.App.3rd 1969).
[3] Id. at 341.
[4] 199 So.2d 299 (Fla.App.1st 1967).
[5] State ex rel. Florida Bar v. Murrell, 74 So.2d 221, 225-227 (Fla. 1954); Pound, The Lawyer From Antiquity To Modern Times, pp. 5, 6 (1953).
[6] Florida Statute, Chapter 621 (1967), F.S.A.
[7] Florida Statute, § 621.03(1), (1967), F.S.A.
[8] Florida Statute, Chapter 462 (1967), F.S.A.
[9] Florida Statute, Chapter 463 (1967), F.S.A.
[10] Florida Statute, Chapter 464 (1967), F.S.A.
[11] Florida Statute, Chapter 465 (1967), F.S.A.
[12] Florida Statute, Chapter 467 (1967), F.S.A.
[13] Florida Statute, Chapter 470 (1967), F.S.A.
[14] Florida Statute, Chapter 471 (1967), F.S.A.
[15] Florida Statute, Chapter 472 (1967), F.S.A.
[16] Florida Statute, Chapter 477 (1967), F.S.A.
[17] Florida Statute, Chapter 478 (1967), F.S.A.
[18] Matthews v. Matthews, 122 So.2d 571, 573 (Fla.App. 2nd 1960).