C. G. COSTIN, Sr., Plaintiff-Appellant,

v.

Maurice E. OLEN, Defendant-Appellee.

No. 71–1589

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1971.

Cecil G. Costin, Jr., Port St. Joe, Fla., for plaintiff-appellant.

Clinton E. Foster, Panama City, Fla., Braxton L. Kittrell, Jr., Mobile, Ala., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

C. G. Costin, Sr. appeals from an order of the District Court granting appellee's motion to quash service of process and to dismiss the complaint. The question before us is whether the Florida long-arm statute (Florida Statutes Annotated § 48.181 F.S.A.) reaches appellee in this case. We hold that it does and reverse and remand.

Plaintiff-appellant Costin is a resident of Florida; defendant Olen, a resident

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

of Alabama. In his complaint plaintiff alleged that defendant, on behalf of Royal Finance Company, Inc., a Georgia corporation, negotiated with plaintiff in Port St. Joe, Florida, for the purchase of plaintiff's business operated under the firm name of Costin's Department Store. During said negotiations defendant represented that Royal Finance Company, Inc. was a holding company and owner of other corporations, and furnished plaintiff with financial statements of Royal Finance Company, Inc. and various business enterprises represented to be wholly owned by Royal Finance Company, Inc. The statements reflected that Royal Finance and its subsidiary corporations were financially stable. As a result of the negotiations, and relying on the alleged false representations of the financial worth of Royal Finance made by defendant, plaintiff sold his clothing and drygoods business to Royal Finance on December 30, 1968 for the sum of $57,656.94, for which he received a downpayment of $5,056.94. The balance of $52,600 was evidenced by a promissory note executed by defendant as President of Royal Finance Company, Inc., secured by the merchandise and goods sold, and payable in monthly installments of $657.85. Defendant later organized a corporation and operated the business as Cook Department Stores of Florida, Inc. Subsequently, the security for the promissory note declined considerably below that required, and plaintiff brought an action against Royal Finance Company, Inc. for foreclosure in a Florida state court, resulting in a deficiency judgment against Royal for $23,593.83. Plaintiff then brought an action on the judgment in the United States District Court for the Southern District of Alabama against the corporation, resulting in a summary judgment against Royal Finance Company, Inc. Both judgments remain outstanding.

The instant action was subsequently instituted against defendant individually. It is alleged by plaintiff that defendant Olen knowingly, with intent to defraud, and as the alter ego of Royal Finance Company, Inc., personally made false representations and concurred in the making and publishing of the misleading statement of the buyer corporation's financial condition upon which plaintiff relied to his detriment. Substituted service of process was attempted by serving the Florida Secretary of State and an attempt was made by serving defendant personally through the Sheriff's Office of Mobile County, Alabama, pursuant to F.S.A. §§ 48.181 and 48.161, respectively.

Defendant filed a motion to quash service, which was accompanied by his personal affidavit averring that he is President of Royal Finance Company, Inc., but owns no stock nor has any beneficial interest either in that corporation or in the subsidiary corporations mentioned in the complaint, and that at all material times he was acting solely on behalf of Royal Finance Company, Inc. and is not and never has been its alter ego. In response to the motion to quash, plaintiff filed affidavits showing that all of the negotiations between plaintiff and defendant occurred during the time that defendant was in the State of Florida, and that defendant personally represented to plaintiff's two sons, one of whom is counsel for plaintiff, that he was in the business of financing corporations, having handled the financing of several small corporations. In connection with the proposed sale, defendant personally arranged to have an inventory taken of the merchandise. The affidavits filed by plaintiff also show that subsequent to the sale, defendant visited Port St. Joe, Florida, on several occasions and suggested to the manager of the newly acquired business that periodic sales on the merchandise at reduced prices be conducted; and that despite the employment of a manager defendant was completely in charge of the business.

The following pertinent provisions are contained in the Florida statute which

authorizes substituted service through the Secretary of State:

"The acceptance by any person or persons * * * who are residents of any other state * * * of the privilege * * * to operate, conduct, engage in, or carry on a business or business venture in the state * * * constitutes an appointment by the persons * * * of the secretary of state * * * as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons * * * that the process against them which is so served is of the same validity as if served personally * * *."

Florida Statutes Annotated § 48.181, F.S.A.

■■■ The District Court found that defendant "has not carried on any business individually which is connected with the plaintiff's cause of action against Royal Finance Co., Inc." and that, therefore, "the defendant was not engaged in a business or business venture within the State of Florida and that this cause of action did not arise out of the activities of the defendant within the state." The activities of defendant herein outlined compel an opposite conclusion. The alleged misrepresentations upon which plaintiff relied in his decision to sell were made solely by appellee personally who, appellant alleges, was the alter ego of Royal Fi-

nance. This allegation is denied only by the self-serving affidavit of appellee. Appellee's activities subsequent to the sale in connection with the operation of the clothing and drygoods business, although not bearing on appellant's misdirected reliance, indicate that appellee under the corporate guise and as the alter ego of Royal Finance Company, Inc. induced the sale and the favorable credit terms. The activities of appellee upon which the cause of action is based, performed both personally and purportedly on behalf of the corporation, are sufficient under the language of the statute to bring appellee within its reach. Moreover appellee does not deny that he was president and agent of Royal Finance and as such negotiated with appellant. Under the holding of Odell v. Signer, Fla.App., 1964, 169 So.2d 851, 853–854, appellee's officer-agent status, combined with the alleged fraudulent activities of the corporation, is in itself sufficient to invoke the in personam jurisdiction of the court under the Florida long-arm statute.[1] Under the circumstances, procedural due process will not be offended by the application of the statute. The allegations show that appellee purposefully availed himself of the privilege of engaging in business in Florida, the cause of action arose from his activities therein which are substantially connected with the forum state. See International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 319–320, 66 S.Ct. 154, 159–160, 90 L.Ed. 95 (1945); cf. Hanson v. Denckla, 357 U.S. 235, 251–253, 78 S.Ct. 1228, 1239–1240, 2 L.Ed.2d 1283 (1958).

Reversed and remanded.

---

1. While we agree with the District Court and appellee that the decisions of Florida courts require that statutes providing for substituted service of process in lieu of personal service must be strictly construed and there must be an affirmative showing by plaintiff that defendant was carrying on or engaged in business individually in Florida—see, e. g., Sausman Diversified Investments, Inc. v. Cobbs Co., Fla.App., 1968, 208 So.2d 873, and cases cited therein—we believe that plaintiff through his affidavits has made such a showing.