CARROLL, Judge.
On July 11, 1969, the appellant filed an action in the circuit court of Dade County against the appellee Elma Hacking Scar-ney, a resident of the State of Michigan, for recovery of a real estate brokerage commission, alleging said defendant was engaged in a business venture in Florida “in the purchase and offer for resale for profit of certain land” (described) in Dade County; that the defendant by oral contract had engaged the plaintiff to find a purchaser for the property on terms satisfactory to the defendant (seller); that on June 19, 1969, plaintiff obtained a written offer for the property; and that he telephoned the defendant informing the latter of said offer, to the terms of which the defendant agreed, and that defendant then agreed to pay plaintiff a commission of $7,500. It was further alleged that a written contract sent to the defendant was returned unsigned, with advice from the defendant that he was removing the property from the market for sale.
The nonresident defendant was served under the Florida Long Arm Statute (§ 48.181 Fla.Stat., F.S.A.) by substituted service. The defendant filed a motion to quash the service, with supporting evidence which disclosed the property had been acquired sixty years earlier by his father; that it was owned by him and three other relatives as tenants in common, through inheritance; and that he was not and had not been engaged in business in Florida. On January 7, 1970, the trial court entered an order so finding, and quashing the service. No appeal was taken from that order.
Some months later, the Florida Legislature enacted Chapter 70-90, amending Chapter 48 Fla.Stat., F.S.A. by adding § 48.182, providing for substituted service on a nonresident in an action based on a wrongful act of the person committed outside the state which causes injury, loss or damage to a person or property within this state. That addition to Chapter 48 became effective July 1, 1970.
Thereafter the plaintiff filed an amended complaint, against the original nonresident defendant Scarney and against the three other co-owners, residents of Florida. The amended complaint repeated the allegations of the original complaint with a change alleging that the employment of the broker by Scarney was on behalf of himself and the other owners, and alleging failure of all defendants to pay the claimed commission. In addition, as a predicate for substituted service upon the nonresident defendant Scarney, under § 48.182 Fla.Stat., F.S.A., the amended complaint alleged:
“8. The aforesaid actions of Defendants constitute a wrongful act outside this State which caused injury, loss or damage to Plaintiff within this State. Said Defendants expected or should reasonably have expected their actions to have such consequences in this State. By the offering for sale and the sale of said land said Defendants derive substantial revenue from interstate commerce.”
Substituted service was then made upon the nonresident defendant Scarney under § 48.182. Again that defendant moved to quash the service. His motion was granted, and the substituted service was quashed by an order dated May 19, 1971. The plaintiff then filed this interlocutory appeal from that order.
It will be noted that the substituted service which was quashed by the order now on appeal was predicated on the new section 48.182, relating to commission of a wrongful act outside the state which causes loss or injury to a person or property within the state. However, since the claimed wrongful action (breach of contract) took place prior to the effective date of the statute relied upon as a basis for substituí- *724 ed service, as indicated by the allegations of the initial complaint, the use of the subsequently enacted “wrongful action” statute for substituted service was not authorized in this instance. That is so because that amendment or addition to Chapter 48 did not have retrospective effect. It was so held, and we feel correctly so, in Gordon v. John Deere Company, D.C., N.D.Fla.1970, 320 F.Supp. 293. For that reason the trial court was not in error in quashing the service in this instance. By affirming on that ground, it becomes unnecessary to express an opinion on the question which would be presented if § 48.182 were applicable, as to whether a breach of contract is a wrongful act within the meaning of the statute in question, or should be considered not to be a wrongful act as contemplated therein since a contracting party can elect not to perform a contract, although to so elect may subject the defaulting party to liability.
Affirmed.