**SPENCER BOAT CO., INC., Plaintiff-Appellee,**

v.

**John L. LIUTERMOZA et al., Defendants-Appellants.**

No. 74–1069

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1974.

Rehearing and Rehearing En Banc
Denied Oct. 16, 1974.

Frank E. Maloney, Jr., Fort Lauderdale, Fla., for defendants-appellants.

Donald F. Geffner, Richard F. Ralph, Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Defendants, Liutermoza and Zimmerman, appeal from a judgment on a contract whereby plaintiff, Spencer Boat Company, undertook to repair defendants' boat. This appeal challenges service of process upon defendants pursuant to Florida's long-arm statute and the award of attorneys' fees as provided in the contract. We reverse on the first issue, and therefore the second need not be reached.

I. The Facts and the Statute

As relevant to the jurisdictional question, the facts of the case are as follows.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Defendants, Connecticut residents, visited Florida in 1970 and bought a pleasure boat.[1] They sailed the boat to Connecticut, receiving the bill for the work upon their arrival. After the voyage a dispute developed over whether plaintiff had performed the repairs in a workmanlike manner. Defendants ultimately refused to pay the bill. At trial defendants unsuccessfully contended they could not be served under the Florida long-arm statute, Fla.Stat.Ann. § 48.-181, which provides in relevant part:

(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, . . . of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, . . ., constitutes an appointment by the persons . . . of the secretary of state of the state as their agent [for service of process] . . . .

In 1973 the Florida Legislature amended the long-arm statute to provide for service on any person who allegedly "(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state." Laws of Florida, Ch. 73–179. The clear implication is that the pre-1973 law, which applies to this case, did not reach such transactions.

II. Construing the pre-1973 Statute

Defendants' activities in Florida do not fit the literal terms of the statute. To do business or conclude a business transaction is not "to operate, conduct, engage in, or carry on a business or business venture in the state," and the statute must be construed strictly, not broadly. See Lyster v. Round, 276 So.2d 186, 188 (Fla.App.1973) (citing DeVaney v. Rumsch, 228 So.2d 904 (Fla.1969)); Young Spring & Wire Corp. v. Smith, 176 So.2d 903 (Fla. 1965).[2] Departure from the literal terms does not improve plaintiff's case. Recent decisions of the Florida courts leave no doubt that intent on the part of the nonresident to seek pecuniary benefit is essential to long-arm jurisdiction under the statute. See Lyster v. Round, *supra* (citing DeVaney v. Rumsch, *supra*); Compuguide Corporation v. Sachs, 259 So.2d 513 (Fla.App.1972). There was no such intent in the present case.[3]

The judgment of the District Court is reversed and the cause is remanded with directions to enter an order quashing the attempted service of process upon defendants.

Reversed and remanded.

1. Although the defendants were business partners, the trial court specifically found that the purchase of the boat was wholly unrelated to any business venture or other undertaking for pecuniary benefit.

2. Appellee's citation of Internatiional Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), in support of a broad construction of the statute, are entirely inapposite. Those cases hold only that the requirements of due process are to be interpreted so as to uphold such statutes if possible. There is no constitutional challenge here, and those cases say nothing about whether a particular enactment is coextensive with the constitutional limits.

3. Plaintiff asserts that Flying Saucers, Inc. v. Moody, 5 Cir., 1970, 421 F.2d 884, which upheld long-arm jurisdiction on facts very similar to those in the present case, is controlling. As the court noted in Moody, however, federal court construction of state law is to be relied upon only in the absence of supervening state court interpretations, 421 F.2d at 886–887, several of which we have already noted.