318 So.2d 486 (1975)
Paul W. HOFFMANN et al., Appellants,
v.
THREE THOUSAND SOUTH ASSOCIATION, INC., et al., Appellees.
No. 75-304.
District Court of Appeal of Florida, Fourth District.
September 12, 1975.
F. Kendall Slinkman of Farish & Farish, West Palm Beach, for appellants.
Thomas J. Becker of Tylander, deClaire, Becker and Van Kleeck, Boca Raton, for appellee Three Thousand South Ass'n, Inc.
PER CURIAM.
Upon consideration of the record and briefs we are of the opinion that the trial court erred in denying defendants-appellants' motion to quash service of process.
The record reflects that the cause of action arose sometime prior to July 1, 1973; however, plaintiff-appellee sought to effectuate service of process under Sections 48.193 and 48.194, which did not become effective until July 1, 1973 (see chap. 73-179, Laws of Fla.). It has been well settled that the aforementioned statutes may not be applied retroactively to a cause of action that accrued prior to their effective date. Barton v. Keyes Company, Fla. App. 1974, 305 So.2d 269; Marshall v. Johnson, Fla.App. 1974, 301 So.2d 134; Gordon v. John Deere Company, Fla. 1972, 264 So.2d 419; Robert E. Marx, Inc. v. Scarney, Fla.App. 1971, 253 So.2d 722; Meier v. Grimes, Fla.App. 1967, 202 So.2d 870; Heberle v. P.R.O. Liquidating Company, Fla.App. 1966, 186 So.2d 280.
Additionally, the sworn affidavits in support of defendants' motion established a prima facie basis for the inapplicability *487 of Florida's long-arm statute which the plaintiff chose not to oppose or rebut. Atlas Aircraft Corporation v. Buckingham, Fla.App. 1974, 302 So.2d 163; Harris v. Bean, Fla.App. 1966, 182 So.2d 464; see also Henschel-Steinau Company v. Harry Schorr, Inc., Fla.App. 1974, 302 So.2d 198; Georgia Savings and Loan Service Corp. v. Delwood Estates, Inc., First District Court of Appeal Case, 315 So.2d 237, opinion filed July 9, 1975; American Baseball Cap, Inc. v. Duzinski, Fla.App. 1975, 308 So.2d 639.
Accordingly, the order denying the defendants' motion to quash is vacated and set aside and the cause remanded to the trial court for such other proceedings consistent herewith. Nothing herein is intended to preclude defendants from effectuating service of process in compliance with the applicable provisions of the law.
WALDEN, C.J., and CROSS and MAGER, JJ., concur.