323 So.2d 628 (1975)
Abraham FELDMAN a/K/a al Feldman, Appellant,
v.
SOUTHEAST BANK OF DADELAND, a State Banking Association Organized and Existing under the Laws of the United States et al., Appellees.
No. 75-1014.
District Court of Appeal of Florida, Third District.
November 25, 1975.
Rehearing Denied January 13, 1976.
*629 Brian R. Hersh, Miami, for appellant.
Friedman, Britton & Stettin and Arnold D. Schatzman, Miami, for appellees.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an interlocutory appeal by defendant contesting an order denying his motion to dismiss the complaint as to him for insufficiency of service of process and lack of jurisdiction over his person.
On June 21, 1974, Kendall Jeweler's & Galleries, Inc. executed and delivered a $6,000 promissory note to the Southeast Bank of Dadeland. The note was signed by appellant Abraham Feldman as vice president of Kendall Jeweler's and personally endorsed by him. In addition, appellant and Jerome Klein executed and delivered to Southeast Bank personal guarantees of the promissory note. In September, Kendall Jeweler's delivered a renewal of the promissory note, which was again signed by appellant as vice president. Kendall Jeweler's failed to pay the note and renewal when due on December 18, and the Southeast Bank filed suit against Kendall Jeweler's, Klein and the appellant who is a resident of California. Personal service on the appellant was effected by mailing a summons and a copy of the complaint to a California sheriff who personally served the appellant at his California residence. Appellant moved to dismiss the complaint as to him for insufficiency of service of process and lack of jurisdiction over his person. The motion was denied and defendant appeals.
We find that § 48.193(1)(g), Fla. Stat., F.S.A.[1] is dispositive of this appeal inasmuch as appellant personally executed the contract of guaranty in Florida and breached it by failing to pay the Southeast Bank pursuant to the terms of the guaranty.
The order denying appellant's motion to dismiss is affirmed.
NOTES
[1] "48.193 Acts subjecting persons to jurisdiction of courts of state

"(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
"(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state."