**INTERNATIONAL GRAPHICS, INC., Plaintiff,**

v.

**MTA–TRAVEL WAYS, INC. c/b/a Mexico Travel Advisors and Consejeros De Viajes Mexico, S. A. d/b/a Mexico Travel Advisors, Defendants.**

No. 75–1855–Civ–JLK.

United States District Court, S. D. Florida, Miami Division.

July 15, 1976.

Daniel J. Spiegel, Miami, Fla., for plaintiff.

James F. Pollack, Coral Gables, Fla., for defendants.

## MEMORANDUM OPINION

JAMES LAWRENCE KING, District Judge.

This is a diversity action under 28 U.S.C.A. § 1332, by a Florida printing company against a California corporation and a Mexico corporation. Plaintiff claims breach of contract, based upon four promissory notes, and debt, based upon failure to pay for materials printed on defendant's order and shipped to defendant. The motion before the court is brought by defendant Consejeros de Viajes Mexico, S.A. to quash attempted service of process and to dismiss as to this defendant. Jurisdictional amount is met.

The relevant facts can be condensed as follows. Plaintiff is the assignee of certain accounts due to Dukane Press, Inc. (not a party). The accounts include four promissory notes to be paid in Hollywood, Fla. which are signed by James Dubin for "Mexico Travel Advisors" and numerous invoices dated 5/30/70 to 12/29/72 for materials shipped to "Mexico Travel Advisors." The invoices list two addresses for the purchaser, one in Miami and one in Mexico City. Plaintiff is making his third attempt to serve the party responsible for the alleged debts: the problem has been one of identifying the correct corporation. Constructive service of process has been attempted upon the Mexican corporation Consejeros de Viajes Mexico, S. A., whose president is the James Dubin who signed the promissory notes.

Plaintiff argues that constructive service of process is applicable to give the court jurisdiction over the Mexican corporation because the president of that corporation entered into a contract (the promissory notes) in Florida which was to be performed in Florida (payment to be made in Hollywood, Fla.). Plaintiff also claims that Mexico Travel Advisors is a true corporate name for the defendant and that it has been and still is doing business in the state of Florida under that name. Further, plaintiff argues that the execution of the notes was a link in a chain of acts that collectively constituted doing business in the state of Florida.

Consejeros de Viajes Mexico, S.A. claims that it does not do business and has never done business in the state of Florida, that "Mexico Travel Advisors" is a service mark and not a legal entity, and that all billings were rendered and paid in Mexico City. James Dubin does not deny, in his affidavit, signing the promissory notes. Indeed, the record contains material substantiating their execution. Plaintiff has filed copies of the notes themselves. Defendant MTA–Travel Ways, Inc. has specifically admitted to the execution of the notes in its answer to the first amended complaint. Additionally, attached to that document is a letter from James Dubin to Dukane Press "protesting payment of all notes signed"—on stationery bearing the double heading Consejeros de Viajes Mexico and Mexico Travel Advisors. This same defendant, in its subsequent answer to the second amended complaint then denied knowledge of the promissory notes and claims total independence from Consejeros de Viajes Mexico, S.A. and James Dubin.

According to the Federal Rules of Civil Procedure 4(d)(7) and 4(e), the state statute prevails with regard to service upon a party not a resident of or found within the state. In this case, constructive service of process upon the Florida Secretary of State was carried out upon the Mexican corporation on April 27th per Fla.Stat. § 48.181. Two interrelated issues are thereby raised: (1) whether the statute actually encompasses the activities which are the cause of the complaint, and (2) whether plaintiff has fulfilled his burden of proof concerning the validity of substituted service. These two considerations can be described as the legal sufficiency of the pleadings and the legal sufficiency of the proof. *Elmex Corp. v. Atlantic Federal Savings & Loan*, 325 So.2d 58 (Fla.App.1976).

## SUFFICIENCY OF PLEADINGS

Generally speaking, the cause of action sued upon must arise from a foreign defendant's activities in the state. It is the quality and nature of the activity rather than quantity that is controlling. The minimum contacts necessary may consist of "one act alone within the state viewed in the light of surrounding circumstances." This principle was affirmed in *Dublin Co. v. Peninsular Supply Co.*, 309 So.2d 207 (Fla. App.1975), at 209, citing *Horace v. American National Bank & Trust Co. of Fort Lauderdale*, 251 So.2d 33 (Fla.App.1971). The motion to dismiss for lack of jurisdiction "must be treated as admitting all facts properly pleaded pertinent to the conduct and activities of the defendant in the forum state and constitutes an assertion that as a matter of law such facts are nevertheless legally insufficient to demonstrate the ap-

plicability of the long-arm statute." *Elmex Corp., supra.* Although there are Florida cases supporting a strict construction of the long-arm statute as well as others supporting a liberal construction, the trend, according to Prof. Wright,[1] is toward expanding the permissible scope of state jurisdiction. The Fifth Circuit supported the liberal construction. *Flying Saucers, Inc. v. Moody,* 421 F.2d 884 (1970) (interpreting the Florida courts' application of the statute). ". . . [T]he Florida statute was intended to be applicable to the fullest extent permissible within constitutional limits upon the state's power to act extraterritorially." (at 887) However, the most recent relevant Fifth Circuit case refers to supervening state court interpretations and concludes that the statute must be construed strictly. *Spencer Boat Co., Inc. v. Lieutermoza,* 498 F.2d 332 (1974), at 333.

### 1. Fla.Stat. § 48.193(1)(g)

The case most on point to that at bar is *Feldman v. Southeast Bank of Dadeland,* 323 So.2d 628 (Fla.1975). There a bank filed an action against the nonresident maker and guarantor of a promissory note for failure to pay the note. On a motion to dismiss, it was held that Fla.Stat. § 48.193(1)(g) "is dispositive . . . inasmuch as appellant personally executed the contract of guaranty in Florida and breached it by failing to pay the Southeast Bank pursuant to the terms of the guaranty." The motion was therefore denied.

Plaintiff in the case before the bar is similarly claiming that the defendant is amenable to constructive service of process because its president signed a contract, the promissory notes, in Florida; because defendant breached that contract by failure to pay; and because the contract was to be performed in Florida since payments were to be made here. These are the elements of § 48.193(1)(g). However, this statute became effective in 1973, and the cause of action took place in 1971.

It has been clearly determined that the long-arm statute is not retroactive. The Fifth Circuit in *Spencer Boat Co., supra,* quashed the attempted service of process on nonresidents who purchased a boat and had it repaired in Florida in 1970, holding "[t]he clear implication is that pre-1973 law, which applies to this case, did not reach such a transaction." The court deemed it irrelevant that § 48.193(1)(g) could have permitted service. Recent Florida cases have obtained the same result: *Am. Baseball Cap, Inc. v. Duzinski,* 308 So.2d 639 (Fla.App.1975); *Hoffmann v. Three Thousand South Ass'n, Inc.,* 318 So.2d 486 (Fla.App.1975); *Ray Walker and Assoc. v. Jay Caponey, Inc.,* 320 So.2d 13 (Fla.App. 1975).

Even though plaintiff pleads the elements of § 48.193(1)(g), he recognizes that the statute does not apply to a cause of action accruing in 1970–1972. He argues that an action sufficient to establish minimum contacts under § 48.193 should be sufficient under 48.181, which was in effect at the time. The court does not agree: it is clear that the long-arm statute cannot be construed retroactively, particularly not by implication.

### 2. Fla.Stat. § 48.182

This state long-arm statute, in effect from 1970 to 1973, provided for substituted service on nonresidents in actions based upon wrongful acts committed outside the state by a nonresident which causes injury, loss, or damage to persons or property within the state. The nonresident must expect or have reason to expect the act to have consequences in this state or any other state or nation, and he must derive substantial revenue from interstate or international commerce. Consejeros de Viajes Mexico, S.A. fits all of these requirements. Therefore, Fla.Stat. § 48.182 would apply, having been in effect at the time of the nonresident's acts, even though it has since been repealed; and the sole issue remaining in its application to this case is whether a

---

1. C. Wright, *Law of Federal Courts*, 267 (2d ed. 1970) citing *McGee v. International Life Insur-*

*ance Co.* (1957), 355 U.S. 220, at 222, 78 S.Ct. 199, 2 L.Ed.2d 223.

breach of contract qualifies as a wrongful act.

The District Court of Appeal of Florida (3rd Dist.) in analyzing the applicability of FS § 48.182 to actions taking place before the statute became effective, spoke of the breach of a contract for payment of a real estate brokerage commission as a wrongful action. It did not reach the question of whether a breach of contract *was* a wrongful action. *Robert E. Marx v. Scarney,* 253 So.2d 722 (1971), at 723. However, public policy seems to support the construction that it is. In *Horace v. American National Bank, supra,* the District Court of Appeal of Florida (4th Dist.) claimed that

. . .

"Moreover, the state has a legitimate interest in protecting financial transactions and business activities carried on within its borders. Consistent herewith, the state has a manifest interest in preserving the obligations of contracts as well as resolving suits resulting from such contracts and transactions."

This philosophy has been recently cited with approval in *Martin Blumenthal Assoc., Inc. v. Dinsmore,* 289 So.2d 481 (Fla.App.1974). It would seem, therefore, that the Florida courts are amenable to an interpretation of wrongful act which would include breach of contract.

### 3. Fla.Stat. § 48.181

This long-arm statute was in effect at the time of the acts complained of and continues in effect now. It provides for constructive service of process upon nonresidents doing business or engaged in a business venture in the state, or having an office or agency in the state. The basic requirements for its application are "doing business" and "connexity." Therefore the injury claimed must arise from the nonresident's activity in the state.

Relevant cases concerning promissory notes have resulted in contradictory decisions. In 1965 it was held that [n]onresidents' "signing of a note and the defense of a law suit are not sufficient acts, in and of themselves to constitute carrying on or engaging in a business or business venture." *Odell v. Signer,* 169 So.2d 851, at 853 (Fla. App.1965). The U. S. Court of Appeals reached a similar decision in 1968, holding that the execution of a promissory note by Tennessee residents and its delivery in Florida where it was to be performed did not constitute a business venture in Florida within the statute, even though one Tennessee resident traveled to Florida for the closing of the purchase agreement. *Uible v. Landstreet,* 392 F.2d 467 (5th Cir. 1968). Arguably, this case can be distinguished from that sub judice where defendant's president came to Florida to sign the promissory notes and where plaintiff or his assignor engaged in a course of business over a period of two years with a corporation presumed to be that run by the signor of the promissory notes. On the other hand, a more recent Florida case held that Florida residents who cosigned a promissory note in Ohio engaged in sufficient conduct to constitute transacting business so as to bring them under the jurisdiction of the Ohio courts under the Ohio long-arm statute when the lender brought suit on the note. *Einhorn v. Home State Savings Ass'n,* 256 So.2d 57 (Fla.App.1971).

Florida courts have discarded any formal test for long-arm service of process because of the number of conflicting tests that developed. Consequently, each case must turn on its own facts. *Sayet v. Interstate Blood Bank, Inc.,* 245 So.2d 142 (Fla. App.1971). Plaintiff has introduced pleadings and evidence tending to show that defendant Consejeros de Viajes Mexico, S.A. has been engaged in a general course of business in Florida for pecuniary benefit under the name of Mexico Travel Advisors. Plaintiff argues that the execution of the promissory notes by defendant's president is a link in a chain of act collectively constituting "doing business" in Florida. In opposition, defendant presents an affidavit by its president avowing that it has never had an office for the transaction of any business nor maintained any employees in this state, and that Mexico Travel Advisors is a service mark and not a legal entity. This court finds plaintiff's proffers to be sufficient to

sustain his burden of proof concerning Mexico Travel Advisors' activities in the state. There is evidence in the record that defendant's own publications list James Dubin as the president of Mexico Travel Advisors and also list a Miami address as one of Mexico Travel Advisors' offices. This, together with the profit-making character of its activities, is sufficient to present a proper allegation of doing business.

Even if plaintiff had not competently alleged that the defendant has been doing business in Florida, there is authority to support the finding that he has sufficiently alleged "business venture," the alternative requirement of Fla.Stat. § 48.181, in his claim concerning the execution of the promissory notes. In *Maryland Cas. Co. v. Hartford. Acc. & Indem. Co.,* 264 So.2d 842 (Fla. App.1972), it was held that a nonresident's contracting with an in-state hospital for services, thereby implying that the services were to be paid for, constituted a form of business under the "business venture" language of Fla.Stat. § 48.181. Service of process has also been upheld under this statute on an individual who came into the state to participate in the proceeds of an uncle's estate: the District Court of Appeal of Florida held this to be a business venture because it was done for the purpose of realizing a pecuniary benefit. *McCarthy v. Little River Bank & Trust Co.,* 224 So.2d 338 (Fla.App.1969). The U.S.C.A. Fifth Circuit has characterized the purchase of a vessel as a business venture under this Florida statute. *Flying Saucers, Inc. v. Moody, supra* (concerning § 48.181(3). As these precedents indicate, a single act is more likely to support constructive service on a nonresident under the business venture concept. In the case sub judice it may not be necessary for plaintiff to depend upon the single act to establish business venture, additionally, since the record contains a letter from James Dubin filed by defendant MTA–Travel Ways, Inc. (marked defendant's exhibit A—attached to its answer) which connects the notes to the plaintiff's production of brochures. This links the action on the promissory notes to the two-year business relationship between Dukane Press and "Mexico Travel Advisors."

Although this is not a case of first impression, there is very little precedent dealing with actions brought by sellers. Yet it would seem that the public policy which protects resident buyers should also protect resident sellers, particularly where there is a refusal to pay. If, as *Horace* claims, there is a legitimate state interest in preserving the obligations of contracts made in the state, this case would seem to be an ideal forum for clarifying this development in the law.

The U.S.C.A. 5th Circuit has considered long-arm jurisdiction in actions brought by sellers twice in recent years. In 1970 service of process against the nonresident purchaser of a vessel was upheld; the Court found that the defendant was actively present in Florida by his several agents for a period of approximately one month. This was held to fall well within the concept of minimum standards, and the transaction was labeled a business venture. *Flying Saucers, Inc. v. Moody, supra.* In 1974 attempted service of process was quashed in another action against nonresident purchasers of a pleasure boat: the action was brought by a Florida company to recover the cost for repairs made on the boat. *Spencer Boat Co. v. Lieutermoza, supra.* However, the case at issue can be distinguished because *Spencer's* decision was based upon the defendant's lack of pecuniary benefit in the Florida transaction. (". . . [I]ntent on the part of the nonresident to seek pecuniary benefit is essential to long-arm jurisdiction under the statute [Fla.Stat. § 48.181].")[2] The purchase of the boat was held to be wholly unrelated to any business venture or any other undertaking for pecuniary benefit. The transaction involved in the case before this Court was, in contrast, undertaken purely for business motives: the promissory note was apparently executed and the printed materials ordered to promote customers for defendant's international business. In addi-

---

2. 498 F.2d, at 333.

tion, it has been claimed that the defendant has been doing business in Florida under a different name for a number of years and, given defendant's response, there is at least an implication that defendant may be misleading the public in an attempt to avoid responsibility for its actions here. This would certainly seem to be within the scope of the Florida Legislature's intent in enacting a long-arm statute.

Another U.S.C.A. 5th Circuit case brought against a purchaser suggests that in personam jurisdiction may be invoked as to the individual officer James Dubin. In *Costin v. Olen,* 449 F.2d 129 (5th Cir. 1971), substituted service of process under Fla. Stat. § 48.181 was upheld as upon the president of a foreign corporation which purchased a Florida corporation. The court cited a 1964 Florida Appellate decision: ". . . appellee's officer-agent status, combined with the alleged fraudulent activities of the corporation, is in itself sufficient to invoke the in personam jurisdiction of the court under the Florida long-arm statute." [3] Plaintiff has not specifically alleged fraudulent activities on behalf of defendant. The record raises an implication of fraud upon the public, including plaintiff, in the blurred delineations (or lack thereof) between these corporations. There is evidence to support an allegation that James Dubin misrepresented the nature of Mexico Travel Advisors and that plaintiff's assignor relied upon those misrepresentations in doing business with them. Since this Court is denying the motion to quash, this possible basis for jurisdiction is moot. Nevertheless, it remains an interesting facet of Florida law which would have become important in this case should service have been quashed with leave to attempt service again.

## CONCLUSION

On the basis of the foregoing analysis of law, this Court finds that the Florida long-arm statutes can be construed to encompass defendant's activities under Fla.Stat. § 48.-182 with "wrongful act" interpreted to include a breach of contract, and under Fla.

Stat. § 48.181 as a business venture as per defendant Consejeros de Viajes Mexico as well as "doing business" as per defendant Consejeros de Viajes Mexico d/b/a Mexico Travel Advisors.

## SUFFICIENCY OF THE PROOF

■ Generally speaking, the burden of proof concerning a motion to quash attempted service of process is on the party seeking to invoke the long-arm statute. The determination of the motion is based upon consideration of the facts reflected in the pleadings or apparent from the face of the record. The issue is whether the plaintiff has plead facts and proven allegations sufficient to justify substituted service of process.

■ Plaintiff's pleadings have been sufficient to satisfy the long-arm requirements. However, defendant supported his motion with an affidavit by Mr. Dubin categorically denying that defendant has ever done business in the state and claiming that Mexico Travel Advisors is merely a service mark. The issue then became one of proof, and the burden shifted to the plaintiff to present by opposing affidavit or other proof those material facts supporting the allegations in the complaint. *Elmex Corp. v. Atlantic Federal Savings & Loan, supra.* If defendant's affidavits had presented a prima facie case for the inapplicability of the long-arm statute and plaintiff had not opposed or rebutted them, the motion to quash service of process would have to be granted. *Hoffmann v. Three Thousand South Ass'n, Inc.,* 318 So.2d 486 (Fla.App. 1975).

■ However, defendant has not presented a prima facie case where he has not denied the execution of the promissory notes in Florida, which act has been construed as a business venture. Even if defendant had done so, plaintiff has submitted, as proof in opposition to defendant's affidavit, a copy of defendant corporation's own brochure which lists James Dubin as the president of Mexico Travel Advisors as well as an office address in Miami for Mexi-

---

**3.** 449 F.2d, at 131, citing *Odell v. Signer* (Fla. App.1964) 169 So.2d 851, at 853–854.

co Travel Advisors. The record also contains a promotional brochure filed by defendant which was produced by Dukane Press for defendant corporation. This brochure also lists a Miami office for Mexico Travel Advisors. If there is indeed a legal distinction under Mexican law between the legal entity Consejeros de Viajes Mexico, S.A. and the service mark Mexico Travel Advisors, plaintiff has presented sufficient evidence to indicate that Mexico Travel Advisors has been acting as a legal entity in Florida. This being so, the public policy upon which the long-arm statute is based would certainly support a piercing of the corporate veil to ascribe to the principal corporation the acts of Mexico Travel Advisors in the state for the purposes of this motion.

## CONCLUSION

On the basis of the foregoing analysis of law, this Court finds that plaintiff has plead facts and proven allegations sufficient to justify substituted service of process and to rebut defendant's affidavit.

## STATUTE OF LIMITATIONS

According to Fla.Stat. § 95.11, "a legal or equitable action on a contract, obligation, or liability not founded on a written instrument" is valid for five years. The action on the promissory note is therefore within the statute. However, "a legal or equitable action on a contract, obligation, or liability not founded on a written instrument, including an action for the sale and delivery of goods, wares, and merchandise, and on store accounts" must be brought within four years. Plaintiff's invoices show that the goods involved—printed materials—were sold and delivered between May 30, 1970 and December 29, 1972. The complaint was filed on September 8, 1975. Therefore, this Court finds that the statute of limitations has tolled with respect to a portion of the plaintiff's second, third, and fourth causes of action: the action for the sale and delivery of goods cannot predate September 8, 1971.

## HOLDING

The public policy upon which the *Sayet* decision was based supports service upon a foreign corporation which has conducted business transactions with Florida citizens over a period of years. Florida courts have also claimed that the state has a legitimate interest in preserving the obligations of contracts enacted within the state. According to the Supreme Court of Florida,

". . . the intent of the Legislature in enacting Florida Statute § 48.181, F.S.A., [was] that any individual or corporation who has exercised the privilege of practicing a profession or otherwise dealing in goods, services or property, whether in a professional or nonprofessional capacity, within the State in anticipation of economic gain, be regarded as operating a business or business venture for the purpose of service of process under Florida Statute § 48.181, F.S.A., in suits resulting from their activity within the State." [4]

This legislative intent as well as the aforementioned state interest seems to indicate that actions by sellers should be allowed where payment for sales over a period of years are involved, particularly with the other circumstances surrounding these claims.

It is therefore

ORDERED AND ADJUDGED that the motion by defendant Consejeros de Viajes Mexico, S.A. to quash attempted service of process be and the same is hereby denied. It is further

ORDERED AND ADJUDGED that plaintiff limit his second, third, and fourth causes of action to claims concerning goods sold and delivered after September 8, 1971 in accordance with Fla.Stat. § 95.11.

---

**4.** *DeVaney v. Rumsch,* (Fla.1969), 228 So.2d 904, at 906–907.