**Randy Dean GENAW, Plaintiff-Appellant,**

v.

**VOLKSWAGENWERK, A. G.,
Defendant-Appellee.**

No. 74–3875.

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1976.

* Judge Wisdom was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

** Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

Larry Sands, Orlando, Fla., for plaintiff-appellant.

J. Richard Caldwell, Jr., Orlando, Fla., for defendant-appellee.

Before COLEMAN and INGRAHAM, Circuit Judges, and O'KELLEY, District Judge.

O'KELLEY, District Judge.

This case comes to this court on an appeal from the order of the district judge quashing service of process on the defendant.

The plaintiff seeks damages for personal injuries, alleging negligence in the design, manufacture, and assembly of a motor vehicle and claiming strict liability in tort and breach of implied warranty. The defendant is a foreign manufacturer of a motor vehicle. The complaint alleges that the defendant Volkswagenwerk, A. G., a West German corporation, manufactured a camper van in 1969. In 1972, the plaintiff, as a passenger in that Volkswagen camper van, being operated in the State of Florida, was injured when the vehicle ran off the road and overturned.

The plaintiff is a resident of the State of Wisconsin, and the defendant is a West German corporation. Jurisdiction is predicated upon diversity of citizenship and an amount in controversy in excess of $10,000. Service of process was made under the provisions of Fla.Stat.Ann. §§ 48.182, 48.193. The district court, on motion of the defendant, quashed service of process upon the defendant. This court affirms.

The issue before the court is whether under either section 48.182 or section 48.193 service of process can be effected upon the defendant in this case under the allegations of the complaint and the amended complaint. In a diversity action such as the one before the court, state rules must be applied in determining whether a party is amenable to process in the federal courts. *Walker v. Savell,* 335 F.2d 536 (5th Cir. 1964).

From July 1, 1970, until July 1, 1973, Florida had a long arm statute which is commonly described as an implied consent statute. It provided as follows:

> Service on nonresidents committing a wrongful act outside the state which causes injury within the state. Any nonresident person, firm, or corporation who in person or through an agent commits a wrongful act outside the state which causes injury, loss, or damage to persons or property within this state may be personally served in any action or proceeding against the nonresident arising from any such act in the same manner as a nonresident who in person or through an agent has committed a wrongful act within the state. If a nonresident expects or should

reasonably expect the act to have consequences in this state or any other state or nation and derives substantial revenue from interstate or international commerce, he may be served; provided, that if such nonresident is deceased, his executor or administrator shall be subject to personal service in the same manner as a nonresident. This section shall not apply to a cause of action for defamation of character arising from the act.

Fla.Stat.Ann. § 48.182. Effective July 1, 1973, Fla.Stat.Ann. § 48.193 provided as follows:

48.193 Acts subjecting persons to jurisdiction of courts of state:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.

(b) Commits a tortious act within this state.

(c) Owns, uses, or possesses any real property within this state.

(d) Contracts to insure any person, property, or risk located within this state at the time of contracting.

(e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.

(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:

1. The defendant was engaged in solicitation or service activities within this state which resulted in such injury; or

2. Products, materials, or things processed, services, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.

(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.

(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in § 48.194. The service shall have the same effect as if it had been personally served within this state.

(3) Only causes of action arising from acts or omissions enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section, unless the defendant in his pleadings demands affirmative relief on other causes of action, in which event the plaintiff may assert any cause of action against the defendant, regardless of its basis, by amended pleadings pursuant to the rules of civil procedure.

(4) Nothing contained in this section shall limit or affect the right to serve any process in any other manner now or hereinafter provided by law.

█ The factual circumstances of this case are that suit and service of process were obtained during the existence of the second statute, that is, section 48.193. The motor vehicle accident giving rise to the lawsuit occurred during the existence of the former statute, that is, section 48.182, and the alleged negligent act of the manufac-

turer giving rise to the liability creating this claim occurred prior to the existence of either statute. It is well established in the State of Florida that the former statute, that is, section 48.182, may not be given retrospective application. *Gordon v. John Deere Co.,* 264 So.2d 419 (Fla.1972).

Plaintiff here argues that section 48.193 is not an implied consent statute and, therefore, that it can be given retrospective application. Plaintiff further argues that the states other than Florida have applied retrospectively long arm statutes similar to section 48.193. Nevertheless, this court must apply the law of the State of Florida. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). It is the law of Florida that section 48.193 may not be applied retroactively to causes of action which accrued prior to July 1, 1973. *Barton v. Keyes Co.,* 305 So.2d 269 (Fla.Dist.Ct.App.1974); *Hoffmann v. Three Thousand South Association, Inc.,* 318 So.2d 486 (Fla.Dist.Ct.App.1975).

As relates to the issue concerning breach of warranty, *AB CTC v. Morejon,* 324 So.2d 625 (Fla.1975), supports and affirms the position of *Gordon v. John Deere Co., supra.*

It appears that the Florida courts have not changed their view in regard to retroactivity. While a final decision under section 48.193 has not been decided by the Supreme Court of Florida, several district courts of appeal have applied the *Gordon v. John Deere* principle to that statute. This court is sufficiently convinced that under those cases the long arm statute should not be retroactively applied. Having so found, the opinion of the court below is affirmed.