LEHAN, Judge.
We affirm the trial court’s denial of defendant’s motion to quash service of process upon him. Defendant is a resident of North Carolina, and service of process was effected pursuant to section 48.193, Florida Statutes (1987), the long arm jurisdiction statute. Subsection (l)(a) thereof concerns jurisdiction over any person “[ojperating, conducting, engaging in, or carrying on a business or business venture in this state....”
This suit was for the return of monies allegedly paid improperly to defendant upon the termination of his employment from 1980 to 1987 as executive director of the Lakeland Downtown Development Authority. We do not agree with defendant’s contention that such employment by him in this state did not constitute his engaging in a business or business venture in this state. “The determinative question [in determin *317 ing whether one has engaged in or carried on a business or business venture in this state] is whether goods, property or services are dealt with within the state for the pecuniary benefit of the person providing or otherwise dealing in those goods, property or services.... We hold the intent of the Legislature in enacting Florida Statute § 48.181, F.S.A. [which concerns constructive service and contains language identical to that quoted above from section 48.-193(1)(a) ], to be that any individual ... who has exercised the privilege of ... dealing in ... services ..., whether in a professional or nonprofessional capacity, within the State in anticipation of economic gain, be regarded as operating a business or business venture for the purpose of service ... in suits resulting from their activity within the State.” DeVaney v. Rumsch, 228 So.2d 904, 906, 907 (Fla.1969) (emphasis added). Although DeVaney concerned section 48.181, it has been concluded that decisions as to what constitutes doing business under section 48.181 should apply to section 48.193(1)(a). See Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp., 415 So.2d 892, 895 n. 3 (Fla. 3d DCA 1982).
Affirmed.
CAMPBELL, C.J., and SCHEB, J., concur.